Rockingham, ⎰
June 28, 1923. ⎱

### Patrick Cain v. Fred Wickens.

In an action by a bailor against one who has negligently injured the property in the hands of the bailee, his negligence is not to be imputed to the bailor when the relation between bailee and bailor is not that of master and servant.

Case, to recover for damage to the plaintiff's automobile. Trial by jury and verdict for the plaintiff. The plaintiff loaned his car to one Cantillon and it was damaged, while he was using it, by his negligence and that of the defendant. The court, *Allen*, J., subject to the defendant's exception, charged the jury in part as follows: "If the driver of the plaintiff's car was also negligent that does not relieve the defendant from liability if he also was negligent. But the question of Cantillon's care is to be considered in your ascertainment of the cause of the collision and if he is found negligent the defendant is not liable unless he also is found negligent."

*Sewall & Waldron* (*Mr. Sewall* orally), for the plaintiff.

*McLane & Davis* (*Mr. Davis* orally), for the defendant.

Young, J. All that it is necessary to say in relation to the defendant's contention that the instructions "on the question of negligence were improper, insufficient and misleading" is that the only question for this court which his exception raises is whether on the facts of this case Cantillon's negligence is to be imputed to the plaintiff. If his other complaints in respect to the charge are well founded, they come to nothing, for they were not called to the court's attention before the cause was submitted to the jury.

The only question, therefore, which will be considered is whether when property bailed is damaged by the negligence of the bailee and a stranger, the negligence of the bailee is to be imputed to the bailors. There is no case in this jurisdiction in which this precise question has been considered, but there are several in which the question of whether the negligence of a bailee who is also an employee of the bailors should be imputed to them has been considered. In these cases it is held that if the bailee was acting within the scope of his employment when he did the act complained of, his negligence is to be imputed to the bailors, notwithstanding he was not doing what he was employed to do, in the way he was expected to do it, when

the accident happened. *Defoe* v. *Stratton*, 80 N. H. 109; *Page* v. *Hodge*, 63 N. H. 610; 18 R. C. L. 796.

If, however, the bailee was acting wholly outside of the scope of his employment when he did the act in question, his negligence is not imputed to his employers. *Danforth* v. *Fisher*, 75 N. H. 111; *Dearborn* v. *Fuller*, 79 N. H. 217; *Wilkinson* v. *Company*, 79 N. H. 335.

If the principles on which these cases were decided is to be applied in this case, Cantillon's negligence is not to be imputed to the plaintiff; for he was not employed by the plaintiff when the accident happened, but merely using the plaintiff's car for his (Cantillon's) own benefit. If the fact that he came rightfully into possession of the plaintiff's car or that he was intrusted with it is enough to charge the plaintiff with the consequences of his negligence, the results reached in *Danforth* v. *Fisher*, *Dearborn* v. *Fuller*, and *Wilkinson* v. *Company* are wrong. All this tends to the conclusion that the doctrine of imputed negligence should not be applied unless the bailee is the bailor's employee, and not then unless the bailee is acting within the scope of his employment.

The fact the negligence of the driver of a team is not imputed to his passenger, *Noyes* v. *Boscawen*, 64 N. H. 361, nor that of a parent to his minor child, *Warren* v. *Railway*, 70 N. H. 352, tends to the same conclusion, and this is the view which now obtains in most jurisdictions.

In short, whatever the law may have been in the nineteenth century, when the relation between the bailee and the bailors is not that of employers and employees, most courts now hold that the negligence of the bailee is not to be imputed to the bailors. *Lloyd* v. *Railway*, 107 Wash. 57.

                                        *Exception overruled.*

All concurred.