ALMON L. ROBINSON *vs.* MERTON WARREN.

Androscoggin.    Opinion June 20, 1930.

*Peter A. Isaacson,*
*Louis J. Brann,* for plaintiff.
*Fred H. Lancaster,*
*Clifford & Clifford,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.   MORRILL, A. R. J.

BARNES, J.   This case comes up on plaintiff's exceptions to instructions in the charge of the Court.

Plaintiff was the owner of an automobile in collision on an Auburn highway with an automobile owned by the defendant.

Suit was brought for damage to the automobile and verdict was for defendant.

It is stipulated by counsel that the testimony given at the trial showed the following facts: On the twentieth day of August, 1929, plaintiff loaned his car for the evening to his son for the son's pleasure. The latter filled the car with his friends and took an extended evening drive.

While returning toward Auburn he allowed Francis W. Kimball, one of the parties whom he had invited to ride with him, to drive the automobile, and as the car, so driven, entered the intersection of Minot and Western Avenues, in the city of Auburn, the automobile of defendant, traveling along Minot Avenue, collided with plaintiff's automobile and caused it to be severely damaged.

It is further stipulated that plaintiff had no control of his car after he loaned it to his son.

It appears that two women and their husbands were in plaintiff's car at the time of collision; that the two women suffered physical injury; that suits were brought by each of the women and by the husbands, and that these four suits were tried with the suit in the case at bar.

The justice instructed the jury that in each of the several cases they must be satisfied by a fair preponderance of the evidence that the defendant was guilty of negligence in the operation of his car at the time of collision, or that there could be no verdict for any plaintiff.

Then, as governing their consideration of the case at bar, he proceeded: "Now we come to the question of whether or not Almon Robinson, the owner of the car, who was not driving the car and had no control or management of it at the time, can recover from this defendant simply by showing that the defendant was guilty of negligence, and regardless of the question of whether Francis Kimball who was driving the car was guilty of contributory negligence.

"It is true that there appears to be no case decided by the Court of Maine bearing directly upon that legal proposition. It is true

that different states have adopted different rules. And in the absence of finding a rule which has been adopted as the rule of this state, it is my duty to give you the rule as I believe it to be, the best considered and the most logical and reasonable rule in my opinion. You are to take it as the law. If I am mistaken about it the parties will have the opportunity to have it corrected, but so far as you are concerned you are to accept this rule as I give it.

"And the rule as I give it to you is that if Robinson had been the driver of the car himself, he could not recover if he were guilty of negligence which contributed to the accident; and that when he permits someone else to use it for the purpose, the very purpose that he loans it, he is bound by the same rule. That is, it is stated in some of the cases in this way, and I will give you the technical rule and then explain it. That where a bailee . . . that is the son, Tobey Robinson, who passed it over to Kimball, uses property for the very purpose for which it was bailed, there is the same privity of contract, in all essential features, as in engagements between principal and agent and between master and servant, and that consequently the bailor and bailee must recover, if at all, on the same facts and under the same circumstances. The reasoning pursued is that whatever entitles to a recovery entitles either the bailor or the bailee to such recovery ; *e converso*, whatever forbids a recovery to the bailee will also defeat the bailor's action.

"So that, so far as this case is concerned, I give you the rule that it is exactly the same as if Almon Robinson was driving the car, that he can not recover unless Francis Kimball was in the exercise of due care, and unless Francis Kimball did not by such want of care contribute to the accident."

As the learned Justice observed, no case has heretofore been brought to this court for decision, involving the precise point in the present case, that is, to determine whether or not an owner of property loaned, as was the car in this case, after negligent injury by a third party while the property was in the possession of the one to whom it was loaned, may recover of the third party for that injury even if negligence is proven on the part of the borrower of the car.

The relation existing between his father, the owner of the auto-

mobile, and the son during the pleasure ride is first to be established.

The mere parental and filial relation between the owner and borrower is not sufficient to bar the owner from recovery.

And the relation of master and servant does not exist, because by stipulation we find that the car was loaned, to be used solely for the son's pleasure and not upon his father's business.

The law has been so stated recently by this court in *Farnum* v. *Clifford*, 118 Me., 145 ; *Pratt* v. *Cloutier*, 119 Me., 203.

Nor does the doctrine of principal and agent apply, for in this state the "family purpose rule" is not applied to heads of families who own automobiles and allow the use of them by members of their families, who are licensed to drive such cars. *Farnum* v. *Clifford*, supra.

The relation, in law, between the owner and borrower of the Robinson car on the evening of the collision was that of bailor and bailee, and we are concerned with the ruling instructing the jury, in effect, that contributory negligence of the bailee, in this case, would prevent recovery on the part of the bailor.

There is not uniformity of view in the courts of our land upon this point.

Except in carrier cases the majority of the decisions of years ago held that contributory negligence of a bailee was imputable to his bailor when the latter brought suit for negligent injury to his property in the bailee's hands.

But, within the last generation, and particularly during the twentieth century, there has been a change in the weight of authority on this question.

For the position taken by the presiding Justice we find this statement: "Why the contributory negligence of a gratuitous bailee, while using the property for the very purpose for which it was loaned, should not be imputed to the bailor who intrusted it to the bailee to be thus used, we are unable to see. There is the same privity of contract, in all essential features, as in bailment for hire and as in engagements between principal and agent and between master and servant. This view is re-enforced by the consideration of another question, viz., Could a gratuitous bailee, who was guilty

of contributory negligence, recover in his own name against a stranger for injury to property loaned? Certainly not, for the defense to his complaint would be upon the service. But the bailor and the bailee must recover, if at all, on the same facts, and under the same circumstances. We have held that the bailee may, in a proper case, recover in his own name. Whatever entitles to a recovery entitles either bailor or bailee to such recovery; *e converso*, whatever forbids a recovery to the bailee will also defeat the bailor's action." *Illinois Central Railroad Company* v. *Sims*, 77 Miss., 325, 49 L. R. A., 322.

Cases sometimes cited in support of the above are, *Smith* v. *Smith* (1824), 2 Pick., 621, 13 Am. Dec., 464. *Puterbaugh* v. *Reasor* (1859), 9 Ohio State, 484; *Forks Township* v. *King* (1877), 84 Pa., 230; *Texas & P. R. Co.* v. *Tankersley* (1885), 63 Tex., 57; *Welty* v. *Indianapolis* v. *V. R. Co.*, (1885), 105 Ind., 55, 4 N. E., 410.

But in all these cases, except the Texas case, the courts have abandoned the positions they are charged with having advanced. See, *Nash* v. *Lang* (1929), Mass., 167 N. E., 762; *Gfell* v. *Jefferson Hardware Co.* (1917), 31 Ohio C. A., 214; *Gibson* v. *Bessemer, etc., R. R. Co.* (1900), 226 Pa., 198, 75 Atl., 194. And in *Welty* v. *Railroad Co.* where a borrower of a horse, while drunk, rode on a railroad track which was unfenced, in violation of the statute, it was held that while mere contributory negligence would have been no defense, under the statute there was a trespass, and the borrower stood in the position of the owner, who could not recover. And this case is apparently overruled in *Lee* v. *Layton* (1929), Ind., 167 N. E., 540.

In the Texas case, where it is held that the contributory negligence of a bailee of cotton, whereby it was consumed by fire from a railway engine, is imputable to the bailor, the court does not discuss the question, but merely announces the common law rule prevalent in earlier times that the negligence of the bailee was imputable to the bailor. The court, however, seems to have thought the relation of principal and agent also existed between bailor and bailee, for in immediate connection with its announcement of the above

rule, it says (63 Tex., 61), "the negligence of the agent in such case is imputable to the principal."

Perhaps the leading case for what is now accepted as law in a very great majority of cases, and a decision of exceeding value, is *N. J. Elec. Railway Co.* v. *N. Y. L. E. & W. R. Co.* (1897), 61 N. J. L., 287, 43 L. R. A., 849. Similarly, *Morgan Co.* v. *Payne* (1922), 207 Ala., 674, 93 So., 628; *Currie* v. *Consolidated Ry. Co.* (1908), 81 Conn., 383, 71 Atl., 356; *Tobin* v. *Syfrit* (1923), Del., 122 Atl., 244; *Kellar* v. *Shippee* (1892), 45 Ill. App., 377; *Spelman* v. *Delano* (1913), 177 Mo. App., 28, 163 S. W., 300; *Oster* v. *C. & A. R. Co.* (1923), Mo. App., 256, S. W., 826; *Cain* v. *Wickens* (1923), 81 N. H., 99, 122 Atl., 800; *Fischer* v. *Int. R. Co.* (1920), 122 Misc., 212, 182 N. Y. Supp., 313; *Hunt-Berlin Coal Co.* v. *McDonald Coal Co.* (1923), 148 Tenn., 507, 256 S. W., 248; *Aldrich* v. *B. & M. R.* (1916), 91 Vt., 379, 100 Atl., 765; *Lloyd* v. *N. P. Ry. Co.* (1919), 107 Wash., 57, 181 Pac., 29, and *Sea Ins. Co.* v. *Vicksburg, S. & P. Ry. Co.* (1908), 159 Fed., 676, hold that in bailments other than for carriage the contributory negligence is not imputable to the bailor where the subject of bailment is damaged by a third person. The bailor, under the ordinary contract of bailment may recover, despite the occurrence of contributory negligence on the part of the bailee.

Additional citations may be found in *Lee* v. *Layton*, supra, and *Nash* v. *Lang*, supra, and the cogent reasoning of all the courts referred to herein is so full and convincing that its restatement here would add nothing to it's effect.

We find ourselves in accord with this view. Hence the plaintiff was rightly aggrieved at the instructions given and excepted to.

*Exceptions sustained.*