Hillsborough, } No. 3233.
June 3, 1941. }

## HAROLD B. WILKINS *v.* JOSEPH H. PAGE.

*J. Leonard Sweeney* and *Edward J. Lampron* (*Mr. Lampron* orally), for the plaintiff.

*Hamblett & Hamblett* and *Robert F. Griffith* (*Mr. Griffith* orally), for the defendant.

*Per Curiam.* At the time of the accident the defendant, Woodman and four others were returning to their homes in Nashua from Pepperell, Massachusetts, where they had been bowling. The defendant sat on the right end of the front seat, Woodman at the wheel, and one Drake between them. The negligence must be taken to have been wholly that of Woodman, and if the defendant is held for it, it must be upon some theory of vicarious liability.

Before the party started for Pepperell, the defendant loaned his car to Woodman for the purpose of picking up two of the bowlers. Woodman returned and got the defendant, who thereafter occupied the car while Woodman drove it. As far as appears, the arrangement between Page and Woodman was originally a bailment of the car, for whose negligent operation the owner would not be liable. *Cain v. Wickens*, 81 N. H. 99. But it could be found that the bailment con-

templated was only for the purpose of picking up the two men and bringing them to the point where the defendant was.

The relationship thereafter depends upon the evidence of what happened at the time the defendant entered the car, and after. The defendant testified thus: "He [Woodman] came back and he said 'Jump in.' I said 'O. K.' Q. Instead of your driving the automobile, you allowed Mr. Woodman to drive the car for you? A. Yes; he did. Q. You allowed him to drive it, and told him he could drive it? A. Yes." Arrived at Pepperell he told Woodman to lock the car, "and when we got ready to come to Nashua, he opened the car, and still drove the car. . . . Q. You gave him permission to drive your car? A. He wanted to drive it, and I let him. Q. You gave him permission to drive the car? A. Yes."

From this evidence it could be inferred that the defendant furnished the car for the trip to Pepperell and that the trip was his own undertaking; that he consented that Woodman should drive in his behalf; and that, while he made no attempt to interfere with Woodman's manner of driving, he did not yield him the sole right of control. Upon such findings, the defendant would be liable.

*Judgment on the verdict.*