GERALD YORK
*vs.*
DAY'S, INC.

Cumberland.   Opinion, April 17, 1958.

442

*Berman, Berman & Wernick,* for plaintiff.

*William B. Mahoney,*
*James R. Desmond,*
*Francis C. Rocheleau,*
*Lawrence P. Mahoney,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. BELIVEAU, J., sat at argument but retired before the opinion was adopted.

SULLIVAN, J.   The plaintiff sued for damages to his automobile, caused by the negligent operation of a car by a servant of the defendant in the service of his employer. At the time of the collision the plaintiff's vehicle was operated by his less than eighteen year old son who was upon a personal and not a vicarious mission. At the trial there was testimony sufficient to sustain a jury finding of negligence in the instance of the defendant and of causative contributory negligence upon the part of the plaintiff's son. At the close of all the evidence the defendant requested this instruction:

> "It has been agreed between the parties that the plaintiff was the owner of a certain motor vehicle which he caused or knowingly permitted his son, a minor under the age of eighteen years, to operate - - - on a public highway. I, therefore, charge you that it you find any negligence on the part of the plaintiff's driver and you find that such negligence is a proximate contributing cause of the resulting damage, then the plaintiff cannot recover and you must find for the defendant."

The presiding justice refused to comply but instructed the jury as follows:

> "I instruct you that if you find any negligence on the part of the defendant's driver, and you find that that negligence was a proximate contributing

cause of the resulting damage to the plaintiff's vehicle, then your verdict must be for the plaintiff."

To the refusal so to instruct and to the instruction given, the defendant seasonably excepted. A verdict for the plaintiff was returned and defendant now prosecutes its exceptions.

R. S. (1954) c. 22, § 156 reads as follows:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of 18 years to operate such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in operating such vehicle."

The issue is whether or not the foregoing statute affords the owner of an automobile who suffers a minor under the age of 18 years to operate it upon a highway for that youth's private ends, the right to recover from the driver of another vehicle for damages to the owner's car which were caused as a resultant of the negligence of both operators. In such an experience or contingency does the statute impute to the car's owner the youth's negligence and thus deny the owner any recompense for his loss?

The significant, legal relationship of the plaintiff and his son in the instant case was that of bailor and bailee. By the common law because a bailee-son operated the borrowed vehicle so as to cause damage to a third person there is no liability upon a father-bailor "because he owned the car or because the driver at the time of the accident was his son or because he permitted his son to use the car for his own purposes." *Pratt* v. *Cloutier,* 119 Me. 203, 206; *Robinson* v. *Warren,* 129 Me. 172, 175. See, also, *Maddox* v. *Brown,* 71 Me. 432 (1880) of the "horse and buggy" era. Nor at common law is a mere bailor hindered in recovering from a

blameworthy third person damages to his chattel because of the confluent contributory negligence of his bailee. *Robinson* v. *Warren,* 129 Me. 172, 177 and cases cited.

Whatever liability, therefore, is predicated upon a bailor-father for any damages resulting from the negligent operation by a bailee-son of an automobile supplied to the latter for his personal use by his father is generated entirely by R. S. (1954) c. 22, § 156. Furthermore, the refusal of recompense to the father-bailor from a culpable third person for harm to his car because of the effective contributory negligence of the son-bailee can obtain only because of a statutory fiat.

Hence it follows that the statute before this forum for construction is in derogation of common law and so must be accorded strict interpretation.

> "- - - The statute imposes a new liability before non-existent, and hence if susceptible of more than one construction it should receive that imposing the lightest burden, - - - -" *Flynn* v. *Banking & Trust Co.,* 104 Me. 141, 146.

> "- - - But no statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express. - - - -" *Wing* v. *Hussey,* 71 Me. 185, 188.

> "In enacting these statutes the legislature was aware that they could not be extended by implication, but would be construed strictly as in derogation of the common law, and as modifying a long approved policy. - - - -" *Haggett* v. *Hurley,* 91 Me. 542, 553.

> "In Palmer v. Town of Sumner, 133 Me. 337, 340, 177 A., 711, this Court very recently gave effect to the well-established rules of statutory construction that the common law is not to be changed by doubtful implication, be overturned except by clear and unambiguous language and that a statute in

derogation of it will not effect a change thereof beyond that clearly indicated either by express terms or by *necessary* implication." *Chase, Adm.* v. *Town of Litchfield,* 134 Me. 122, 129.

In the interpretation of statutes our basal quest is the expressed intention of the legislature.

"In the construction of a statute the fundamental rule is the legislative intent."

*Hunter* v. *Totman,* 146 Me. 259, 265.

This court has already had occasion to decide that by the above statute the legislature thereafter rendered the bailor defined liable to third persons for the effects of the negligence of his autonomous bailee. *Strout* v. *Polakewich,* 139 Me. 134. In the case at bar it must be determined if the statutory bailor because of the statute, expressly or by necessary implication, is precluded by the contributory negligence of his bailee from recovering damages from a negligent third party who with the bailee caused the damage to bailor's motor vehicle.

The notable words of the act, of primary moment here, are:

"- - - shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in operating such vehicle."

The phrase, "liable with such minor," accepted for the familiar and commonplace language which it is connotes a legal responsibility and accountability of the bailor with the bailee to third persons. It has never been customary or conventional usage to allude to a person as being liable to himself in expounding that he cannot recover from others for his damages but must defray his own losses. The words utilized by the legislature were at least inept if by them that body intended to ascribe to the statutory bailor the contributory negligence of his bailee. From a consideration of the

language of the act it seems clear that the legislature in framing it sensed and felt no existing advantage to be secured from including within the subject matter and purview of the statute the attributing of the bailee's contributory negligence to the bailor. To capture such an effect the words of the lawmakers must be multiplied or extended. The expression, "any damages caused," is very inclusive but pertains to damage to third parties rather than to the bailor or his chattel if read within their context. Had the legislature in reality addressed its thought and efforts to imputing contributory negligence to the bailor the appropriate wording would have been readily forthcoming.

In considering the act in correlation with the old law, the mischief obtaining and the remedy supplied we find that as originally enacted by P. L., 1929, c. 327, § 10 the statute was verbatim as it now stands, R. S. (1954) c. 22, § 156, save for the latter substitution of "operate" and "operating" for the original "drive" and "driving."

Our court in *Strout* v. *Polakerwich*, 139 Me. 134, 140 thus accounts for the legislation:

> "Apparently this part of the statute was added because the legislature mistrusted the judgment and sense of responsibility of minors under eighteen years of age, in the use of motor vehicles upon the highway. For that reason, those persons who were responsible for such use, by giving or furnishing such vehicles to such minors, are made liable for damages caused by the negligent operation of such vehicles on the highway by such minors - - - - -"

In the same case Justice Murchie in his dissent wrote:

> 146. " - - It is common knowledge among members of our Courts, our Bar, and citizens generally, that with the advent of the automobile and its widespread use, the strict principles of agency law resulted in much damage through negligent operation of motor vehicles

by the minor children of their owners without
recovery of compensation. The situation was
nationwide. It clamored for remedy. In some
states reform was accomplished by judicial
legislation adopting the 'family use doctrine.'
This never became effective in Maine. Far-
num v. Clifford, 118 Me., 145, 106A, 344,
Pratt v. Cloutier, 119 Me., 203, 110 A., 353,
10 A. L. R., 1434. In others legislative action
imposed liability on the owners of motor ve-
hicles for damages caused by any person oper-
ating by express or implied consent. In
Maine and Kansas liability was limited to
operation by minors and the application of
the Act was defined by the words already dis-
cussed - - - -"

*Harper and James, The Law of Torts,* Vol. 2, § 23.6, P.
1274.

"Even as the last traces of the older imputation of
contributory negligence (*beyond* the scope of vi-
carious liability) were vanishing, the seriousness
and growth of the automobile accident problem
and the plight of uncompensated accident victims
led to increasing pressure for providing financially
responsible defendants. One response to this pres-
sure was the extension of vicarious liability by the
court-made 'family purpose' doctrine and by stat-
utes having similar (or broader) effect. Some of
the latter, for example, imposed vicarious liability
on automobile owners for the negligence of anyone
opreating the car with the owner's consent. This
represented a departure from the fault principle so
as to impose liability on innocent parties for rea-
sons similar to those leading to workmen's compen-
sation—the owners were better distributors of the
risks which their lawful activities created than
were their victims."

Our statute concerns itself only with minors under 18 as
bailee, a group almost uniformly impecunious. It would
seem that when P. L., 1929, c. 327, § 10, now R. S. (1954) c.
22, § 156, was promulgated as law the remedy fashioned was

designedly financial and any consequential deterrence effected, so far as it was envisioned at all, was a fortuitous by-product.

A further sanction for the statute could have been an exercise of police power, a measure of health and welfare regulatory of the use of public highways by motor vehicles.

> "- - - Another purpose of such statutes is to induce care by car owners in selecting persons to whom they entrust the car - - - -"
>
> *Harper and James, supra*, P. 1275.

Today, juvenile accident statistics might very well counsel a legislative policy of deterring bailors by imputing the negligence, sole and contributory, of youthful bailees in the promotion of careful driving. But until such a rationale is manifested and unequivocally expressed it is our duty "to interpret, not to make the law." *Farris, Att. Gen.* v. *Goss,* 143 Me. 227, 230. The case at bar is one of physical damage to an automobile. That is serious enough. But, when we consider that there are actions involving critical injuries and death to bailors, to read into the statute by extension the legal innovation of the imputation of the contributory negligence of the bailee would be drastic indeed.

The authorities are not classifiable without difficulty because of varying statutes.

In Delaware the statute was quite identical with P. L., 1929, c. 327, § 10. The court construed the act to mean that the minor-bailee was to be treated as the agent of the bailor-owner only for the purposes of holding the owner liable for damages or injuries to third persons and that imputation to the bailor of the bailee's contributory negligence would be judicial extension. While the case was pending for decision the Delaware Legislature added these words to the statute:

"and the negligence of such minor shall be imputed to such owner or such person for all purposes of civil damages."

*Westergren* v. *King* (Del.) (1953), 99 A. (2nd) 356.

The California court imputed the contributory negligence of a borrowing bailee to his bailor but the statute contained this clause:

"and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

*Milgate* v. *Wraith,* (Cal.), (1942), 121 P. (2nd) 10.

See, also, *Fox* v. *Schuster,* (Cal.), (1942), 123 P. (2nd) 56.

The Municipal Court of Appeals for the District of Columbia imputed the contributory negligence of the bailee to the bailor under its Automobile Financial Responsibility Act on the analogy of the principles of agency. The Act says in part:

"- - - the operator thereof, shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle - - - -."

As one purpose of the statute the court found the deterrent element:

"- - - (2) to promote more careful driving."

*National Trucking & Storage Co.* v. *Driscoll,* (1949), 64 A. (2nd) 304.

The Iowa court denied the imputability to the bailor of the bailee's contributory negligence under a statute containing the following:

"In all cases where damage is done by any car by reason of negligence of the driver, and driven with the consent of the owner, the owner of the car shall be liable for such damage."

The court in so holding reversed its former decision of *Secured Finance Co.* v. *Chicago, R. I. & P. R. Co.* (1929), 207 Iowa 1105, 224 N. W. 88. Financial responsibility, not deterrence, was stressed.

*Smith* v. *Pilgrim,* (1956), 74 N. W. (2nd) 212.

The Minnesota court in an elaborate dictum in *Christensen* v. *Hennepin Transp. Co., Inc.,* (1943), 10 N. W. (2nd), 406, rejected the interpretation of imputation of the bailee's contributory negligence to the bailor and its conclusion was affirmed in the case of *Jacobsen* v. *Dailey et al.,* (1949), 36 N. W. (2nd) 711. The statute reads in part:

"- - - the operator thereof shall, in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

The court in *Christensen* v. *Hennepin Transp. Co., Inc., supra,* at page 415 said:

"Express manifestation of legislative intent is confined to establishment of financial responsibility on the part of the owner to injured persons and to securing satisfaction of their claims by payment in money. Financial responsibility means obligation to pay a third party - - -"

The Wisconsin court in *Scheibe* v. *Town of Lincoln,* (1937), 271 N. W. 47 imputed the contributory negligence of the minor-bailee to the father-bailor under a statute with this clause:

"- - - for any and all damages growing out of the negligent operation - - - -"

The court held that the statute made the bailment tantamount to agency. The decision could well have been affected by the existence of a division or proportion of damage rule.

The Louisiana court in *DiLeo* v. *DuMontier,* (1940), 195 So. 74 imputed the contributory negligence of the minor-

bailee to the father-bailor under the Civil Code, Article 2318, which ran as follows:

> "The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them - - -"

> See, also, *Pancoast* v. *Cooperative Cab Co.*, (1948) (La.), 37 So. (2nd) 452.

The New York Court of Appeals in *Mills* v. *Gabriel*, (1940), 31 N. E. (2nd) 512 Affirmed that under its statute the bailor-owner was not barred by the contributory negligence of the autonomous bailee from recovering damage from a negligent third person. The statute as applicable reads:

> "Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner - - -"

The court below had said (18 N. Y. S. (2nd) 78, 80):

> "The statute was enacted to remove the hardship which the common law rule visited upon innocent persons by preventing 'an owner from escaping liability by saying that his car was being used without authority, or not in his business.' "

Deterrence is not discussed.

> See, also, *Buckin* v. *Long Island R. Co.*, (1941), 36 N. E. (2nd) 88.

In the *Restatement Of The Law, Torts, Negligence*, § 485, *Bailees,* we find:

"Comment on Caveat:

---------------------

b. A statute may make the owner of an automobile liable for any harm done to others by the manner in which it is driven by any person whom the owner permits to drive it. The Caveat leaves open the question whether the effect of such a statute is to create a universally applicable vicarious responsibility and, therefore, to make the negligence of such a bailee a bar to recovery by the owner for harm to him or the car. The question is one of statutory construction. If the purpose of the statute is to give to persons injured by the negligent operation of automobiles an approximate certainty of an effective recovery by making the registered owner, who is required to take out insurance to cover his liability or who is likely to do so, responsible as well as the possibly or probably irresponsible person whom the owner permits to drive the car, the statute does not make the driver's contributory negligence a bar to the owner's recovery for harm done to the car by the negligence of a third person."

This court must conclude that the intent of our legislature expressed in statute under consideration requires that our mandate be:

*Exceptions overruled.*