**Erlon ROSE, as personal representative of the Estate of Jeffrey Rose, and Cynthia Rose, individually and as mother and next friend of Jeremy Rose, all of Livermore Falls, County of Androscoggin, State of Maine, Plaintiffs,**

v.

**RYDER TRUCK RENTAL, INC., Timothy D. Lay, Michael Wienman, Willard D. Fountain, and the Morris Weinman Co., Defendants.**

Civ. No. 86–0180–P.

United States District Court,
D. Maine.

Nov. 24, 1986.

Paul R. Dumas, Jr., Cloutier, Joyce, Dumas & David, Rumford, Me., for plaintiffs.

Paul S. Douglass, Platz & Thompson Lewiston, Me., for defendant Willard Fountain.

James M. Bowie, Hunt, Thompson & Bowie Portland, Me., for Michael Weinman.

Richard D. Hewes, Portland, Me., for Ryder Truck.

John B. Cole, Auburn, Me., Christopher C. Dinan, Thomas F. Monaghan, Portland, Me., for Timothy Lay.

Frederick J. Badger, Jr., Bangor, Me., for Morris Weinman Co.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT FOUNTAIN'S MOTION TO DISMISS

GENE CARTER, District Judge.

This matter comes before the Court on the motion of Defendant Willard D. Fountain to dismiss Plaintiffs' Complaint for failure to state a claim against Defendant Fountain. Fed.R.Civ.P. 12(b)(6). For the reasons stated below, Defendant's motion to dismiss is denied.

Briefly stated, the facts of this case are as follows. On December 1, 1984, a collision occurred in Rockport, Maine, between a motor vehicle operated by the Plaintiff's decedent, Jeffery Rose, and a motor vehicle operated by Defendant Timothy Lay. The vehicle operated by Lay was owned by Ryder Truck Rental, Inc. (Ryder), having been rented by the Defendant Fountain, who had signed the rental agreement to lease the truck and provided his personal credit card to pay for the rental. At that time, Fountain and Lay were both employees of Defendant Michael Weinman. The pleadings indicate a factual dispute as to whether Lay was acting within the scope of employment when the collision occurred.

Plaintiffs seek damages from three individual defendants and from Ryder and The Morris Weinman Company as corporate defendants. Plaintiffs' Complaint alleges that Defendant Lay's negligent operation of the vehicle caused the injuries in question, and that his negligence is imputed to the other defendants. Plaintiffs allege no acts of negligence against Fountain, independent of Lay's alleged negligence; rather, Plaintiffs invoke 29 M.R.S.A. § 1862 (1978) to impose vicarious liability on Fountain. The Court therefore must interpret the statute to determine whether Fountain's motion to dismiss should be granted.

The full text of section 1862 reads as follows:

§ 1862. Owner and renter liable jointly and severally.

The owner of a motor vehicle engaged in the business of renting motor vehicles, with or without drivers, who rents any such vehicle, with or without a driver, to another, otherwise than as a part of a bona fide transaction involving the sale of such motor vehicle, permitting the renter to operate the vehicle upon the public ways, shall be jointly and severally liable with the renter for any damages caused by the negligence of the latter in operating the vehicle and for any damages caused by the negligence of any person operating the vehicle by or with the permission of the person so renting

the vehicle from the owner, except that the foregoing provisions shall not confer any right of action upon any passenger in any such rented vehicle as against the owner. Nothing herein contained shall be construed to prevent the introduction as a defense of contributory negligence to the extent to which such defense is allowed in other cases.

29 M.R.S.A. § 1862 (1978).

■ Section 1862 clearly imposes liability on owners of vehicles engaged in the business of renting them in certain situations, even though the owner is not actually operating the motor vehicle at the time the damage occurs. The point of interpretation arises in determining with whom the owner is jointly and severally liable, and in which situations. Because the statute is in derogation of common law tort principles, the Court must construe the statute narrowly. *See York v. Days, Inc.,* 153 Me. 441, 140 A.2d 730 (1958) (29 M.R.S.A. § 1861 (1978), imposing liability on owner for damage by minor under 18 acting with owner's authority and stating that statute must be strictly construed).

In accord with this principle, the Court has determined that the proper interpretation of section 1862 is as follows:

The owner of a motor vehicle engaged in the business of renting motor vehicles ... shall be jointly and severally liable with the renter for any damages caused by the negligence of the latter in operating the vehicle and [jointly and severally liable with the renter] for any damages caused by the negligence of any person operating the vehicle by or with the permission of the person so renting the vehicle from the owner....

The Court reaches this determination for two reasons. First, the statute is meaningful only if one reads into it the parallel structure indicated in brackets above: the owner must be jointly and severally liable *with* someone, and the renter (*i.e.,* the person who is the lessee of the vehicle) is the only person so specified. Second, the construction as determined by the Court is consistent with vicarious liability principles accompanying the special dangers posed by automobiles.

It has been broadly stated or held that one who intrusts the operation of an automobile to another may be vicariously liable to a person injured by the negligence of the one to whom the vehicle was intrusted, that an owner who permits a person to use the owner's vehicle may be liable for injuries and damage caused by the negligent operation of the vehicle, and that liability may be imposed on an owner who negligently intrusts his automobile to another.

60A C.J.S. *Motor Vehicles* § 428(1) (1969) (footnotes omitted). Control and authority to use may determine who is the "owner" for purposes of assigning liability. *Id. See also* W. Prosser, *Law of Torts,* § 73, at 481 (4th ed. 1971) ("one who originates such a danger by setting the car upon the highway in the first instance should be held responsible for the negligence of the person to whom he entrusts it"). These principles suggest that one who rents an automobile from its owner and subsequently entrusts its operation to another person should be vicariously liable with the operator for the operator's negligence, because the renter is in the best position to control the vehicles' use.

■ Applying the Court's construction of the statute to the facts in the present case, Ryder will be held jointly and severally liable with Fountain (1) for any damages caused by Fountain's negligence in operating the vehicle and (2) for any damages caused by the negligence of any person operating the vehicle by or with Fountain's permission. Because Fountain did not actually operate the vehicle, the first situation does not apply here. The second situation, however, applies if Lay was operating the truck by or with Fountain's permission. The statute therefore creates a basis for imposing liability on Fountain, and a Rule 12(b)(6) dismissal of Plaintiff's claim against Fountain is improper.

The Court notes that Ryder has cross-claimed against Fountain under the terms of an indemnity clause in the rental agree-

ment. Ryder alleges that, by signing the rental agreement, Fountain agreed to indemnify Ryder for any amount of damages in excess of the limits set by the State's financial responsibility law. 29 M.R.S.A. § 831 (Supp.1986) (owner must procure insurance or bond covering $20,000 for injury or death to one person, and $40,000 for injury or death to two or more persons). On the basis of the pleadings, it appears to be clear that Fountain is a proper party-defendant in this action.

For the foregoing reasons, Defendant Fountain's motion to dismiss is hereby DENIED.

So ORDERED.