2004 ME 112

**YORK INSURANCE COMPANY OF MAINE, INC.**

v.

**Denise BOWDEN et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 27, 2004.

Decided: Aug. 31, 2004.

---

James D. Poliquin, Norman, Hanson & DeTroy, L.L.C., Portland, for plaintiff.

Coleman G. Coyne, Jr., Murphy and Coyne, Lewiston, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Denise and David Bowden appeal from a summary judgment entered in the Superior Court (Cumberland County, *Cole, J.*) on York Insurance Company of Maine's complaint for a declaratory judgment. The Bowdens contend that the court erred in declaring that they were not entitled to recover pursuant to their York underinsured vehicle policy. Because we conclude that the vehicle that collided with the Bowdens' vehicle was not an underinsured vehicle, we affirm the judgment.

[¶ 2] The Bowdens were insured by a motor vehicle insurance policy issued by York that included uninsured/underinsured vehicle coverage in the amount of $300,000 per accident. They were injured in an automobile accident resulting from the negligence of a seventeen-year-old driver who was driving his father's car with permission. The driver's father's liability policy on that vehicle provided liability limits of $100,000 per person and $300,000 per accident. His mother's separate policy insuring her own vehicle covered her son while he was operating his father's vehicle.[1] That policy had a $300,000 per accident liability limit.

[¶ 3] Following the accident, the Bowdens collectively recovered $100,000 pursuant to the driver's father's policy and $200,000 pursuant to his mother's policy, amounting to a total recovery of $300,000. Two other individuals injured in the accident also recovered pursuant to the mother's policy in the combined amount of $100,000, thereby exhausting her policy limit. The Bowdens suffered damages in excess of the $300,000 they collected from the insurance policies.

[¶ 4] The Bowdens contend that their underinsured vehicle policy permits them to recover from their York policy any damages above the tortfeasor's $100,000 in coverage from his father's policy, up to the $300,000 limit of their underinsured vehicle coverage. They offer two alternative arguments. First, they contend that in determining whether a *vehicle* is underinsured, any recovery from the mother's policy, which did not name the vehicle involved in the accident, must be disregarded. In the alternative, they contend that if the law is interpreted to focus on whether an *individual* is underinsured, the father is underinsured because his policy provides inadequate coverage for his vicarious liability for his son's tortious conduct.[2]

[¶ 5] Reviewing the grant of a motion for summary judgment de novo as we

---

1. The driver's parents live separately.

2. A person who is vicariously liable for the tort of another is not a joint tortfeasor subject to separate liability; rather she or he shares in the liability of the tortfeasor because of a special relationship with the tortfeasor. *See* BLACK'S LAW DICTIONARY 927 (7th ed. 1999) (defining vicarious liability as "[l]iability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) because of the relationship between the two parties"); *York v. Day's, Inc.*, 153 Me. 441, 140 A.2d 730 (1958) (holding that a statute imposing joint and several liability on a vehicle owner for a minor's conduct while driving the vehicle with permission imputed financial liability, rather than fault, to the vehicle's owner).

must, *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179; *Botka v. S.C. Noyes & Co.*, 2003 ME 128, ¶ 18, 834 A.2d 947, 952, we conclude that the tortfeasor's vehicle was not an underinsured vehicle.

[¶ 6] The Bowdens' policy complies with Maine's underinsured vehicle statute, which defines an "underinsured motor vehicle" as "a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this State or less than the limits of the injured party's uninsured vehicle coverage." 24–A M.R.S.A. § 2902(1) (2000).[3] The Bowdens suggest that this language means that only the insurance that covers the *vehicle* itself is used as a comparison with the injured party's underinsured vehicle coverage limits, or that the policies covering each *individual* must be separately compared against the Bowdens' underinsured vehicle policy limits.

 [¶ 7] Neither argument prevails. Whether insurance coverage is available through coverage of the vehicle, the owner, or the driver is immaterial. If the result is insurance coverage for the damage done by the vehicle driven by the tortfeasor, the amount of that coverage must be used in the calculus of determining whether the vehicle is underinsured. *See Levine v. State Farm Mut. Auto. Ins. Co.*, 2004 ME 33, ¶ 11, 843 A.2d 24, 28 (stating that underinsured vehicle coverage "is in the nature of gap coverage"). When multiple policies provide liability coverage for the accident involving the vehicle at issue, the limits of those policies are to be aggregated for comparison against the underinsured vehicle policy limits. *See McGillivray v. Royal Ins. Co.*, 675 A.2d 524, 526 (Me.1996) (holding that the insurance applicable to the tortfeasor's vehicle must be compared to the underinsured vehicle policy limits to determine whether a vehicle is underinsured); *Mullen v. Liberty Mut. Ins. Co.*, 589 A.2d 1275, 1276–77 (Me.1991) (holding that the amount of *coverage* determines whether a vehicle is underinsured); *Connolly v. Royal Globe Ins. Co.*, 455 A.2d 932, 935 (Me.1983) (holding that policies must be aggregated to determine underinsured status).

[¶ 8] In the present case, the vehicle driven by the negligent operator was benefited by $400,000 in aggregate available coverage, and the Bowdens' underinsured vehicle policy had a limit of $300,000. The tortfeasor's vehicle was not, therefore, underinsured and the motion court correctly determined that the Bowdens are not entitled to recover pursuant to their underinsured vehicle policy.

The entry is:

Judgment affirmed.

---

**3.** The underinsured vehicle policy provides, in relevant part, that York will only pay compensatory damages if "[t]he limits of liability under *any applicable bodily injury liability bonds or policies* have been exhausted by payment of judgments or settlements." (Emphasis added.)