STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-135

CHRISTOPHER WISINSKI,

    Plaintiff

v.

PAWTUCKET MUTUAL
INSURANCE,

    Defendant

**ORDER**

This case comes before the Court on Defendant Pawtucket's Motion for Summary Judgment.

## FACTUAL BACKGROUND

On March 23, 2000, Plaintiff Wisinski was injured in a motor vehicle accident with Tammi Bly. Ms. Bly (the "tortfeasor") had insurance coverage totaling $150,000.00. Plaintiff collected the full $150,000. At the time of the accident, Plaintiff was insured by Defendant. Defendant's policy provided Uninsured Motorist Insurance ("UMI") to the extent of $50,000 per person. On March 7, 2005, Plaintiff served Defendant with a complaint seeking damages based on the assertion that the tortfeasor was an underinsured motorist under the UMI provision of the policy.

Plaintiff agrees with Defendant's rendition of the facts. The dispute arises around the interpretation of the UMI provision of the policy.

## DISCUSSION

The issue is whether the tortfeasor in the automobile accident was

underinsured, thus triggering Plaintiff's UMI coverage. Defendant claims it is entitled to summary judgment because the tortfeasor was not an underinsured motorist pursuant to Defendant's policy. Plaintiff argues that Defendant is not entitled to summary judgment because the tortfeasor was an underinsured motorist pursuant to the UMI provision. As such, Plaintiff asserts that he can recover for injuries not sufficiently covered by the tortfeasor, up to $50,000.

This Court must examine the evidence in the light most favorable to the nonmoving party "to determine whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact." *Rogers v. Jackson, 2002 ME 140, ¶ 5, 804 A.2d 379, 380.*

Maine's underinsured vehicle statute defines an "underinsured motor vehicle" as "a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this State or less than the limits of the injured party's uninsured vehicle coverage." 24-A M.R.S.A. § 2902(1) (2000); see *York Ins. Co. of Me., Inc. v. Bowden, 2004 ME 112, ¶ 6 855 A.2d 1157, 1159.* Notwithstanding this statute, "there exists no indication of legislative intent to ensure coverage when and to the extent that the tortfeasor, in fact, has insurance." *Levine v. State Farm Mutual Automobile Insurance Co., 2004 ME 33, ¶ 11, 843 A.2d 24, 28.*

The amount of coverage determines whether a vehicle is underinsured. *Mullen v. Liberty Mut. Ins. Co.,* 589 A.2d 1275, 1276-77 (Me. 1991). Simply put, a vehicle is underinsured when the tortfeasor's policy limits are less than the injured party's UMI policy limits. *York, 2004 ME 112, ¶¶ 7, 8, 855 A.2d at 1159.*

In *Levine*, the tortfeasor's insurance policy covered up to a maximum of $50,000 per person. 2004 ME 33, ¶ 11, 843 A.2d at 28. The injured party's UMI policy covered up to $100,000 per person. *Id*. Furthermore, the injured party's damages totaled $100,000. *Id*. Therefore, because the tortfeasor's coverage was $50,000 less than the injured party's UMI coverage, the Law Court held that the tortfeasor was "underinsured" in the amount of $ 50,000. *Id*.

Plaintiff does not analyze whether the tortfeasor was underinsured pursuant to his UMI policy; rather, he relies on *Baybutt Construction Corp. v. Commercial Union Insurance Company, 455 A.2d 914 (Me. 1983)*, to argue that, as a matter of contract construction, Defendant can not use one section of the contract to deny a benefit bestowed in another section.[1] Specifically, he contends that the definition of an underinsured vehicle in Part C of the policy, which mirrors the statute, conflicts with later provisions in Part C that limit recovery to $50,000 and prohibiting duplicate recovery.

Notwithstanding, Plaintiff's argument does not address the question of whether the tortfeasor was in fact an underinsured motorist. An affirmative answer to that question is the gateway to the UMI provision. Only then can Plaintiff engage in an analysis of the limits of recovery or the prohibition of dublicate recovery.

In this case, Defendant's analysis is correct. The tortfeasor's policy limit is $150,000. Plaintiff's UMI coverage is $50,000. Therefore, according to Defendant's UMI policy and 24-A M.R.S.A. § 2902(1), the tortfeasor was not

---

[1] The issue in *Baybutt* was whether the insurer had a duty of defend. The Court found that the policy was ambiguous because it lacked an express statement of priority regarding several exclusion provisions. The Law Court overruled *Baybutt* and found that those specific provisions were unambiguous. *Peerless Insurance Company v. Robert C. Brennan*, 564 A.2d 383, 386 (Me. 1989).

underinsured because her policy limit was greater than Plaintiff's UMI policy limit. As such, the UMI provision is not triggered because the tortfeasor was not an underinsured motorist.

Defendant's Motion for Summary Judgment is **GRANTED** as there is no genuine issue of material fact.

DATE: _September 20, 2005_

Justice, Superior Court

OF COURTS
erland County
O. Box 287
Maine 04112-0287

SHELDON TEPLER ESQ
PO BOX 3065
LEWISTON ME 04243

_ P/

OF COURTS
erland County
O. Box 287
Maine 04112-0287

CHRISTOPHER DINAN ESQ
PO BOX 7046
PORTLAND ME 04112

_ D/