STATE OF MAINE                               SUPERIOR COURT
CUMBERLAND, ss.                              CIVIL ACTION
                                             DOCKET NO. CV-05-065

MICHAEL J. BUDD                              REC -Cum-1/13/06

          Plaintiff

─────────────────────────────────────────────────────────────────

          v.                                 ORDER ON DEFENDANT'S
                                             MOTION FOR SUMMARY
GEICO GENERAL INSURANCE                      JUDGMENT
COMPANY

          Defendant


          Before the court is Defendant GEICO General Insurance Company's

("GEICO") motion for summary judgment on Plaintiff Michael J. Budd's

("Plaintiff") underinsured motorist claim.

                              **BACKGROUND**

          The following facts are undisputed. On April 7, 2004, Plaintiff and his

wife, Melanie Budd, were injured in a two-car automobile accident in Dover,

New Hampshire. The other car involved in the accident was a taxicab owned by

Sunshine Taxi Company ("Sunshine"), and operated by Patrick Cammett. At the

time of the accident, Sunshine maintained a contract for insurance with AIG

Insurance Company ("AIG"). The AIG policy provided single limit liability

coverage in the amount of $350,000 per accident. On the date of the accident,

Plaintiff was insured under a Maine Family Automobile Insurance Policy issued

by GEICO ("Policy"). The Policy contained uninsured/underinsured motorist

coverage in the amount of $100,000 per person and $300,000 per accident.

          On November 11, 2004, Plaintiff and his wife settled claims with Sunshine

and AIG for $350,000, wherein Plaintiff accepted $5,000 as compensation for his

                                                                              1

loss of consortium claim, and his wife received $345,000 for her injuries.[1] Plaintiff has not released his personal injury claims against Sunshine/AIG.

## DISCUSSION

Plaintiff seeks recovery against GEICO, arguing that the Sunshine vehicle was an underinsured automobile, as defined by the GEICO policy or Maine statute. GEICO contends, however, that a comparison of the applicable policy provisions under the law confirms that the Plaintiff is not entitled to any underinsured coverage in this matter.

Maine defines an underinsured motor vehicle as "a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this State or less than the limits of the injured party's uninsured vehicle coverage." 24-A M.R.S.A. § 2902(1). The parties agree that Sunshine's AIG policy complies with Maine's financial responsibility laws. *See* 29-A M.R.S.A. § 1611(2) (minimum insurance requirements).

The Policy defines an underinsured automobile as "an auto for which the total of all bodily injury liability insurance that is available in the event of an accident is less than the applicable limit of liability under this coverage." This definition is in compliance with the plain statutory language of 24-A M.R.S.A. § 2902(1).

GEICO contends that, as a matter of law, Sunshine is not "underinsured," as the available coverage for Sunshine's vehicle, at $350,000 per accident, exceeds

---

[1] This fact was stipulated to by the parties at oral argument, and the record has been supplemented with a copy of the release signed by the Budds. The release details the apportionment of the settlement between Plaintiff and his wife.

the Plaintiff's underinsured limit of $300,000 per accident. *See York Ins. Co. v. Bowden*, 2004 ME 112, ¶ 8; 855 A.2d 1157, 1159. This is the comparison for underinsurance under § 2902(1); however, if 24-A M.R.S.A. § 2902(6) applies, the the test of whether Sunshine was underinsured requires a comparison between Plaintiff's potential personal recovery under his uninsured/underinsured motorist policy and Plaintiff's recovery for personal injuries from Sunshine / AIG.

GEICO argues that § 2902(6) cannot be applied because the first phrase of this subsection, known as the "trigger clause," requires the tortfeasor to first have been defined as "underinsured" pursuant to § 2902(1). This artificially separates and sublimates § 2902(6) to an abstract inquiry as to the status of the tortfeasor, when the section is plainly applicable to any situation in which there are multiple accident victims, as there are here. Indeed, the point of § 2902(6) is to ensure that "in certain cases where more than one person is injured in an accident... [every] person is covered to the full extent of the underinsured motorist coverage purchased." L.D. 2043, Summary (119th Legis. 1999).

Subsection (6) itself reads:

> When 2 or more persons are legally entitled to recover damages from a particular owner or operator of an underinsured motor vehicle, the amount of underinsured vehicle coverage applicable to each injured person is determined by **subtracting any payments actually made to the injured person** from any bodily injury liability insurance coverage applicable to the particular owner or operator of the underinsured motor vehicle **from the injured person's, operator's or owner's underinsured vehicle coverage policy limits** if applicable to that person. The amount of underinsured motor vehicle coverage must be further reduced by the amount by which the bodily injury liability insurance coverage applicable to the particular owner or operator of the underinsured motor vehicle exceeds all payments from that coverage to all persons legally entitled to recover damages from that particular owner or operator of the underinsured motor vehicle. This

3

subsection does not prohibit an insurer from providing greater amounts of underinsured vehicle coverage than are required under this section. [emphasis added.]

Both sides acknowledge that Plaintiff and his wife were injured in the accident. Therefore, § 2902(6)'s test controls Plaintiff's right to recovery. Plaintiff's personal recovery limit under his underinsured motorist policy is $100,000, which is more than the amount Plaintiff received from Sunshine's bodily injury liability policy. Plaintiff will be allowed to demonstrate that his damages exceeded any amount received for personal injuries from Sunshine / AIG, for purposes of collecting from GEICO under his own uninsured / underinsured motorist policy.

The entry is:

>   Defendant's motion for summary judgment is DENIED.

Dated at Portland, Maine this _15th_ day of _January_, 2006.

>   Robert E. Crowley
>   Justice, Superior Court

4

COURTS
d County
x 287
? 04112-0287

ROBERT HATCH ESQ
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112-4630

F COURTS
and County
3ox 287
ne 04112-0287

SHELDON TEPLER ESQ
HARDY WOLF & DOWNING
PO BOX 3065
LEWISTON ME 04243-3065