LOUISE PEASE *vs.* HARRY J. BAMFORD and others.

Kennebec.    Opinion December 12, 1901.

*Libel. Witness. Money had and received. R. S., c. 82, §§ 29, 101.*

It is a familiar principle, that when one person has in his possession money which in equity and good conscience belongs to another, the law will create an implied promise on the part of such person to pay the same to him to whom it belongs, and in such case an action for money had and received may be maintained.

In an action of libel it appeared that the defendants, selectmen of the town of Fayette, published in their town report, among the assets of the town, these words concerning the plaintiff: "Due from Louise Pease three dollars." The defendants justified, among other defenses, that the words were true, and if they were true, that under R. S., c. 82, § 29, it was a complete defense.

It appears that the defendants, in their official capacity, were prosecuting a matter in the probate court and had caused the plaintiff to be summoned as a witness to attend that court; the officer served the subpœna by leaving it at the plaintiff's last and usual place of abode with the sum of three dollars for her travel and attendance; this sum was not the full amount she was entitled to under the statute for her travel and attendance: the

plaintiff was unable to attend and did not attend the court as a witness. Subsequently, the town reimbursed the officer for the witness fees which he thus advanced.

*Held;* that if the plaintiff actually received the three dollars in question, knowing the same to be intended as a witness fee, and did not attend the probate court, she was liable to repay the same to the town.

Through some inadvertence or mistake, an insufficient sum of money was left as a witness fee for the plaintiff. She was therefore not obliged to obey the subpœna, and was not liable for the damages sustained by reason of her failure to attend under R. S., c. 82, § 101, because she was not legally summoned. But the plaintiff cannot refuse to attend court upon that ground and also retain the money which she actually received. This money in her possesssion, in equity and good conscience, belonged to the town and constituted a debt to the town.

Exceptions by plaintiff. Overruled.

Action for libel. Verdict for defendants.

*J. Williamson, Jr., and L. A. Burleigh,* for plaintiff.

*Fred Emery Beane,* for defendants.

SITTING: WISWELL, C. J., EMERY, SAVAGE, FOGLER, PEABODY, JJ.

WISWELL, C. J. Action of libel. The defendants were the selectmen of the town of Fayette, and the alleged libel was the publication in their town report, among the assets of the town, of these words: "Due from Louise Pease three dollars." Among other defenses the defendants justified upon the ground that the words were true, which, if true, under the statute, R. S., c. 82, § 29, was a complete defense, "unless the publication is found to have originated in corrupt or malicious motives." *Pierce* v. *Rodliff,* 95 Maine, 346.

There was evidence tending to show that the defendants, in their capacity as selectmen, had caused the plaintiff to be summoned to attend the probate court as a witness in the matter which the defendants, in their official capacity, were prosecuting, and that the officer who was given the subpœna to serve left the same together with the sum of three dollars, as her fees for travel and attendance as a witness, at the plaintiff's last and usual place of abode. This sum was not the full amount that she was entitled to under the statute

for travel and attendance. The plaintiff was unable to attend and did not attend the court as a witness. Subsequently, the town reimbursed the officer for the money which he advanced and left at the plaintiff's last and usual place of abode, as her witness fee.

The only question raised by the exceptions is as to the correctness of this instruction, bearing upon the justification that the words published were true: "If the plaintiff actually received the three dollars in question, knowing the same to be intended as a witness fee, and did not attend the probate court, she was liable to repay the same to the town."

It is a familiar principle, that when one person has in his possession money which in equity and good conscience belongs to another, the law will create an implied promise upon the part of such person to pay the same to him to whom it belongs, and in such a case an action for money had and received may be maintained.

In this case, through some inadvertence or mistake, an insufficient sum of money was left as a witness fee for the plaintiff. She was therefore not obliged to obey the subpœna. She was not liable for the damages sustained by reason of her failure to attend under R. S., c. 82, § 101, because she had not been legally summoned. But she could not refuse to attend court upon that ground and also retain the money which, as found by the jury, she actually received. She had in her possession money which in equity and good conscience belonged to the town, and which constituted a debt due to the town.

*Exceptions overruled.*