ALBION F. HOLT *vs.* THE AMERICAN WOOLEN COMPANY.

Somerset.      Opinion May 1, 1930.

*Harry B. Coolidge*, for plaintiff.
*Harold E. Weeks*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, JJ.   PHILBROOK, A. R. J.

STURGIS, J.   Reported Case. The action is general assumpsit
for money had and received, based upon an assignment of wages
by one John Ginty, an employee of the defendant Corporation.
The case was submitted to an Auditor, whose findings as reported
include and disclose the following facts:

December 7, 1927, one John Ginty, by written assignment duly recorded, assigned to the plaintiff all wages to be earned by him thereafter until January 1, 1929, while employed as a spinner by the defendant. January 1, 1928, the employee was discharged but again hired in March following under a new contract. May 10, 1928, the employee assigned all wages to be earned by him in the employ of the defendant until January 1, 1929, to the Town of Hartland. This assignment was also recorded. The defendant holds, as wages earned by Ginty under his new employment, $159.77, earned prior to May 10, 1928, the date of the assignment to Hartland, and $367.55 earned thereafter but before January 1, 1929. The plaintiff's claim against Ginty is for supplies, etc., furnished him and his family, and amounts to $253.56. The nature or amount of the claim of the Town of Hartland does not appear. Hartland is not a party to this action.

At common law, the mere expectation of earning money can not, in the absence of any contract upon which to found any such expectation, be assigned. But future wages to be earned under a present existing contract, imparting to them a potential existence, may be assigned. *Wade* v. *Bessey*, 76 Me., 413.

The plaintiff's action for money had and received, however, is governed by equitable principles. If, upon a proper prayer, in equity he would be entitled to a decree for the money here in question, he may recover it in this action for money had and received. *Eldridge* v. *May*, 129 Me., 112; *Bither* v. *Packard*, 115 Me., 306.

In equity, if an assignment of wages to be earned in the future, but not under an existing contract of employment, specifies the time during which such wages are to be earned and the employment from which they are expected to arise, if not rule of public policy is contravened and no equities are violated, it will be upheld. *Shaw* v. *Gilmore*, 81 Me., 396.

Accordingly, in *Edwards* v. *Peterson*, 80 Me., 367, where an employee, having assigned his wages to be earned in that employment from the date of the assignment to April 1, following, was discharged and later rehired under a new contract of employment, it is held that the assignment is valid. And the court states the rule generally followed by Chancery Courts to be that whenever parties

by their contract intended to create a positive lien or charge upon property, whether then owned by the assignor or not, or if personal property, whether then in esse or not, the lien or charge attaches in equity to the particular property as soon as the assignor or contractor acquires a title thereto valid as against the assignor and all persons claiming under him with notice.

The rationale of this rule is well stated by Justice Peters in *Emerson* v. *Railway*, 67 Me., 387, 391. Observing that it is not possible for such a rule to prevail at common law — *nemo dat. quod non habet* — he says, "The reason that it may be different in equity is not that a man conveys in presenti what does not exist, but that which is in form a conveyance operates in equity by way of a present contract merely to take effect and attach to the things assigned as soon as they come in esse; to be regarded before that time as only an agreement to convey, and after that time as a conveyance." The rule receives a like interpretation by Judge Story in the leading case of *Mitchell* v. *Winslow*, 2 Story, 630, 639.

Accepting the doctrine of *Edwards* v. *Peterson* as the rule of this court and no reason appears for holding otherwise, we are of opinion that the assignment to the plaintiff in the case at bar effected an equitable lien upon the employee's wages, entitling him to recover in this action moneys justly due him as found by the Auditor. When the Town of Hartland took its assignment of the employee's wages on May 10, the prior assignment to the plaintiff had been duly recorded. This was constructive notice that the plaintiff held a prior equitable lien on the same wages, subordinating subsequent assignments to that equity. Pomeroy's Eq. Jur., Secs. 591, 655, 729; Story's Eq. Jur., Secs. 534, 535.

The statute, R. S., Chap. 114, Sec. 9, provides that no assignment of wages shall be valid against any other person than the parties thereto unless properly recorded. One of its objects is to prevent the mischief of double assignments. *Wright* v. *Smith*, 74 Me., 495. Under it, at law, as between assignees, the first assignment recorded will prevail. *Whitcomb* v. *Waterville*, 99 Me., 75. Under it in equity, *qui prior est tempore, potior est jure* applies unless a superior equity in the assignment of later record may require a variance in the rule. No superior equity is here shown,

however, and its effect upon a prior recorded assignment need not be determined.

As already noted, the.Town of Hartland is not a party of record to this suit.* Whether it will be concluded by a judgment herein can not, on this Report, be determined. As against the defendant, the plaintiff is entitled to judgment for $253.56. So ordered.

*Judgment for the plaintiff for $253.56 with costs of court to be taxed by the clerk below.*