SHIRLEY GREENLAW, ET AL.

*vs.*

ESTHER RODICK

Cumberland.   Opinion, November 28, 1962.

*Milliken & Milliken,*
*Udell Bramson,* for the Plaintiff.

*Harry C. Libby* (Deceased),
*Roger A. Putnam,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. This case is before us upon plaintiffs' appeal from an order of the justice below allowing defendant's Motion for Summary Judgment.

We are constrained to state, at the outset, that the pleadings of the plaintiffs leave much to be desired and have opened the door to the procedural confusion which has apparently attended this case.

Although the New Rules of Civil Procedure went into effect on December 1, 1959, the pleadings of the plaintiffs appear to be in the old common law form. The original pleadings allege in substance that the defendant purchased a certain building in Falmouth on March 20, 1954; that the plaintiffs had occupied said building previously as tenants of the former owner; that the defendant employed the plaintiffs to renovate and repair the building and that they expended certain sums of money for materials and labor in such repairs and renovations; that the plaintiffs at the request of the defendant paid taxes to the Town of Falmouth on the premises from March 20, 1954 to March 20, 1958, and further paid the defendant at the rate of $22.00 per month as payments on a certain mortgage then existing on the premises, said payments to be in lieu of rent. The plaintiffs then allege that the defendant agreed to transfer the property to them if the repair work was done. They also allege

that they paid the defendant the sum of $300.00 as a deposit on the premises. Further allegation is made that the defendant on August 28, 1959 conveyed the property to someone else; that the plaintiffs were ordered to vacate and did vacate the premises. The complaint or declaration ends with a statement that the defendant is indebted to the plaintiffs in the sum of $3,000.00 and there is annexed to the declaration or complaint an account totaling $3,000.00 setting forth alleged disbursements for repairs, including cost of materials, taxes and money paid to the defendant as a deposit.

Later, upon motion of the plaintiffs, the declaration or complaint was amended with allegations in substance that the defendant purchased the premises in question and promised the plaintiffs that if they would stay on the property, improve it, pay taxes, water, and insurance bills, and pay off the mortgage, the property would be conveyed to them as soon as the existing mortgage was paid up. Plaintiffs then go on to allege in their amendment that they continued to occupy the premises as tenants of the former owner, that they renovated and repaired the buildings at substantial expense; that they paid the taxes to the Town of Falmouth, and that they paid the sum of $22.00 per month as payment on the existing mortgage; that they paid the defendant an additional sum of $300.00 as a deposit towards the purchase price. Finally they allege that the defendant conveyed the property to another person on August 28, 1959 and they end up with an allegation that the plaintiff owes them the sum of $3,000.00 "for damages for the aforesaid breach of agreement" and they demand judgment in that amount.

The next step was the filing of interrogatories addressed to the plaintiffs. These interrogatories were answered by the plaintiffs and the interrogatories and answers form a part of the record.

Without filing any answer, the defendant moved for a

Summary Judgment pursuant to M. R. C. P. 56, on the ground "that there is no genuine issue as to any material fact * * * ."

In support of this motion, the defendant filed an affidavit setting forth in substance that the plaintiffs were desirous of purchasing the property in question, but could not finance the purchase; that she agreed to purchase the property in her name; that she made a down payment of $500.00 and gave a mortgage to the then owner in the amount of $2,-500.00; that there never was any written agreement, but only an oral agreement that the plaintiffs would live on the premises; that they would pay the taxes, insurance, and water bills, and pay the mortgage payment of $22.00 per month and at the end of the mortgage period when they had paid off the mortgage and paid her the sum of $500.00, she would convey the premises to the plaintiffs. The affidavit further alleges that the plaintiffs were repeatedly delinquent in the payment of the mortgage amounts to the mortgage holder, and that the taxes for the years 1958 and 1959 as well as insurance premiums had not been paid. The defendant further advances in her affidavit an allegation to the effect that the plaintiffs failed to live up to their oral agreement and that as a result of their failure she conveyed the property to someone else for the amount of $3,000.00. She further alleges that she had never authorized, directed or requested the plaintiffs to make any repairs on the premises.

The plaintiffs did not file a counter affidavit.

The opinion and order of the presiding justice granting the Motion for Summary Judgment reads in part as follows:

"The Plaintiffs have sued for money damages resulting from the alleged breach of an oral contract to convey real estate. To the Defendant's plea that the action is barred by the provisions of the Statute of Frauds (*R. S. 1954 Me. Ch. 119, Sec 1 (IV)*), the Plaintiffs allege part performance of the con-

tract by the Plaintiffs. The issue becomes: Does part performance of an oral contract to convey real property in consideration of payment of money and the doing of work, remove such contract from the operation of the Statute of Frauds where it is pleaded as a defense to an action for money damages for such breach?

"Our Maine Court has consistently held part performance of an oral contract removes such contract from the operation of the Statute of Frauds only when the remedy is one afforded a Plaintiff only in equity. It does not so operate when the Statute of Frauds is pleaded in an action at law for money damages.

"*Rule 2 of the Rules of Civil Procedure for Maine* has effected a procedural merger of law and equity only. The right to a specific kind of legal or equitable relief upon proof of certain facts is not changed."

It is to be noted that the decision of the presiding justice is based upon the theory that the action before him was for money damages resulting from an alleged breach of an oral contract to convey real estate to which, the decision says, the defendant had pleaded the statute of frauds, countered by plaintiffs' contention of part performance, thus raising an issue as to whether or not part performance removed the contract from the operation of the statute of frauds.

Based upon prior decisions of this court that part performance of an oral contract to convey real estate is removed from the operation of the statute of frauds only in equity, the motion for a summary judgment was granted.

Although the opinion states that the statute of frauds was pleaded, a careful study of the record does not indicate that any such plea was made by the defendant. Neither is there anything in the pleadings to indicate that the plaintiffs had set up part performance to remove the contract from the operation of the statute of frauds. We can only surmise

that the foregoing contentions were advanced by counsel in oral or written argument presented to the presiding justice, which arguments, if any, are not made a part of the record.

M. R. C. P. 8 (c) sets forth a list of affirmative defenses which shall be pleaded and among these affirmative defenses is to be found the statute of frauds.

M. R. C. P. 56 (b) is to the effect that "a party against whom a claim * * * is asserted * * * may, *at any time,* (emphasis supplied) move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

This rule seems to indicate that a motion for summary judgment may be filed by a defending party without the necessity of filing an answer to the pleadings. However, it would seem advisable for a defending party who files a motion, without a previous answer, for summary judgment, if he intends to rely upon the statute of frauds, to include an allegation of this defense in the motion. This, as previously pointed out, the defendant did not do.

Referring again briefly to the decision of the presiding justice, he quoted M. R. C. P. 2, to the effect that a procedural merger of law and equity has been brought about by this rule and he goes on to state correctly that the right to a specific kind of legal or equitable relief upon proof of certain facts is not changed. The rule itself merely provides that "there shall be one form of action to be known as 'civil action.'"

Since the promulgation of the new rules, both the Bench and Bar have learned that a complaint may sound either in law or in equity and if it sounds in equity it shall be heard as such, perhaps by a single justice of either the Superior or Supreme Judicial Court, or by a jury in a proper case. It is only after a complaint has been instituted and the contents and allegations studied and examined that a determi-

nation can be made as to whether or not it is to be heard as a legal or equitable cause.

In giving consideration to the present action, we can start with the premise that it arose out of an oral contract to convey real estate, with a further manifest conclusion that there is no issue of the statute of frauds before us because it was not pleaded.

It also clearly appears that the case was decided upon an issue which did not actually exist. Upon the well-known theory that a decision in a legal cause, correctly arrived at with the wrong reason assigned, must nevertheless stand, we would, at least in a proper case, find support for a decision based upon a wrongly assigned issue, if the eventual result founded upon the facts and applicable law, is one which this court should sustain.

However, a decision which does not follow the applicable rules must of necessity be reversed.

An exposition of the relevant Rules of Civil Procedure would seem to be in order, with particular attention to M. R. C. P. 56 relating to summary judgment.

M. R. C. P. 1, provides that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action." Giving consideration to this basic premise, as well as to M. R. C. P. 8 (f), which is to the effect that "all pleadings shall be so construed as to do substantial justice," we see no reason why the pleadings in this case could not be interpreted as forming the basis for an action for money had and received.

> "It should be observed at the outset that the action of assumpsit for money had and received is comprehensive in its reach and scope. Though the form of the procedure is in law it is equitable in spirit and purpose and the substantial justice which it promotes renders it favored of the courts.

'It is a familiar principle,' says the Court in *Pease v. Bamford*, 96 Me. 23, 'that when one person has in his possession money which in equity and good conscience belongs to another, the law will create an implied promise upon the part of such person to pay the same to him to whom it belongs, and in such a case an action for money had and received may be maintained." *Webb* v. *Brannen*, 128 Me. 287, 291, 147 A. 208.

See also *Bither* v. *Packard*, 115 Me. 306, 98 A. 929; *Holt* v. *American Woolen Company*, 129 Me. 108, 110, 150 A. 382; and *Maxwell* v. *Adams*, 130 Me. 230, 232, 154 A. 904.

It is provided in M. R. C. P. 56 (c) that "judgment (on a motion for summary judgment) shall be rendered forthwith if the pleadings, depositions, *answers to interrogatories,* (emphasis supplied) and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

As stated in Maine Civil Practice, Field & McKusick on Page 462, "Rule 56 (c) is the heart of the rule. * * * The key words are that a summary judgment will be entered upon a showing 'that there is no genuine issue as to any material fact.' " See also Maine Civil Practice, Field & McKusick, § 56.4, Page 466 where it is stated:

"The hearing on the motion is not in any sense a trial nor a battle of affidavits. The sole function of the court is to determine whether a genuine issue of fact exists. * * * The party seeking the summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact. Any doubt on this score will be resolved against him and the opposing party will be given the benefit of any inferences which might reasonably be drawn from the evidence."

Further consideration of the opinion of the presiding justice makes it clear that it is not based upon the finding

on his part that no genuine issue of fact was raised by the pleadings, depositions, answers to interrogatories, and the affidavit which was filed by the defendant.

M. R. C. P. 56 (e) provides in part as follows:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits *or as otherwise provided in this rule,* (emphasis supplied) must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In this case, the plaintiffs chose not to file a counter affidavit and so it now becomes necessary for us to decide a point of first impression involving the Rules of Civil Procedure and that is whether or not the answers to the interrogatories are to be taken into consideration in determining the existence or non-existence of a genuine issue of fact.

For authority and information upon this issue we must necessarily seek opinions filed in federal decisions. A brief comparison of Rule 56 of the Rules of Civil Procedure for the United States District Courts with M. R. C. P. 56 is of interest. It is to be noted that the words "answers to interrogatories" appearing in our M. R. C. P. 56 (c), are not included in the Federal Rule 56 (c) ; and neither are the last two sentences of our M. R. C. P. 56 (e) included in Federal Rule 56 (e).

Nevertheless, in various Federal decisions it has been determined that the answers to interrogatories should be taken into consideration in determining whether or not a genuine issue of fact exists in a given cause.

See *American Airlines, Inc.* v. *Ulen,* 186 F (2nd) 529; *MacKay* v. *American Potash & Chemical Co.,* 268 F. (2nd) 512; *Champlin* v. *Oklahoma Furniture Manufacturing Com-*

*pany,* 269 F. (2nd) 918; and *United States* v. *Kansas Gas and Electric Company,* 287 F. (2nd) 601, which are all decisions to the effect that interrogatories and answers thereto may properly be considered when ruling on a motion for summary judgment.

See also Moore's Federal Practice, 2nd Edition, Vol. 6, § 56.11 (4) and Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, § 1236.

Reviewing briefly the procedure in the case before us, the defendant posed a number of interrogatories to the plaintiffs. These interrogatories were answered. Plaintiffs failed to comply with the provisions of M. R. C. P. 33, to the effect that answers to interrogatories shall be under oath. While we do not commend this failure to follow a clear requirement of the Rules of Procedure, no point was raised by the defendant in reference to this matter so we have given consideration to the answers as if they had been under oath.

Without going into specific detail about the contents of the original pleadings, as amended, supplemented by the answers to the interrogatories, we have come to the conclusion that taking everything into consideration genuine issues of fact existed for determination as to which party was guilty of a breach of the existing oral contract. Plaintiffs' answers to the interrogatories placed in direct issue the payment of taxes, payments on the existing mortgage, payment of insurance, as well as repairs alleged to have been made by the plaintiffs under authorization of the defendant.

The decision below is, therefore, erroneous and should be reversed. The entry will be:

*Appeal sustained.*