MYRTLE HAYES
*vs.*
BERNARD E. BUSHEY

York.   Opinion, January 27, 1964.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

*Joseph E. Harvey,* for Plaintiff.

*Verrill, Dana, Walker, Philbrick and Whitehouse,*
by *John A. Mitchell* and *John W. Philbrick,*
for Defendant.

WEBBER, J. The plaintiff brought a complaint for trespass. In the first three paragraphs thereof she alleged the date of the event, her claim of ownership and possession of certain real estate and a description of a building located thereon and certain chattels contained therein. In the fourth paragraph she alleged the defendant's trespass in these terms:

> "4. On said day, Defendant, without right or permission, unlawfully entered on her said land with a large semi-trailer truck and with great force and violence, drove said truck automobile head on and into the Plaintiff's building, aforementioned, knocking the building off its foundation, and totally destroying the same, as well as all of Plaintiff's personal belongings located in said building."

The complaint terminated with a demand for judgment.

The defendant seasonably answered, admitting plaintiff's ownership and possession and further admitting that his truck driven by him left the highway and entered plaintiff's land without permission, colliding with and damaging plaintiff's building. The defendant, however, specifically denied that the entry was unlawful or without right and alleged that "said entry was unintentional and without fault or negligence on his part but was due to the fault and negligence of the driver of a motor vehicle which was being driven in the opposite direction from that in which he was driving and which was turned into and across the lane in which the defendant was lawfully driving said semi-trailer truck on his own right-hand lane of said highway in the exercise of due care, striking the left side of the tractor of said semi-trailer truck and causing said tractor and trailer to leave the highway and enter upon the land of the plaintiff and to collide with the plaintiff's said building."

The plaintiff seasonably filed her motion for summary judgment on the issue of liability, which motion was granted

by the justice below, leaving for jury determination only the issue of damages. Defendant's appeal raises the issue as to whether the denial of an intentional and voluntary intrusion and the further denial of negligence on the part of the defendant present genuine issues as to any material facts within the meaning of M. R. C. P., Rule 56 (c).

Our court has never before been called upon to decide whether liability will be imposed for an unintended and involuntary intrusion upon land of another. The rule stated in the Restatement of the Law of Torts, Vol. 1 contains the following pertinent provisions:

Page 359, Sec. 158:

"One who intentionally and without * * * privilege

    (a)    enters land in possession of another or any part thereof or causes a thing * * * so to do * * *

is liable as a trespasser to the other irrespective of whether harm is thereby caused to any of his legally protected interests. * * *

Comment (e) Tort liability is never imposed upon one who has neither done an act nor failed to perform a duty. Therefore, one whose presence on the land is not caused by any act of his own or by a failure on his part to perform a duty is not a trespasser thereon. * * * "

Page 390, Sec. 165:

"One who recklessly or negligently, or as a result of an extra hazardous activity, enters land in the possession of another or causes a thing * * * so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing * * * upon the land causes harm to the land * * *."

Page 394, Sec. 166:

"Except where the actor is engaged in an extra-hazardous activity, an unintentional and non-

negligent entry on land in the possession of another or causing a thing * * * to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm * * * .

Illustration 2. A, while driving his automobile along the street in the exercise of due care, is suddenly overcome by a paralytic stroke, which he had no reason to anticipate. He loses control of the automobile and falls across the steering wheel thereby turning the car so that it runs upon and damages B's lawn. A is not liable to B."

It is necessary to keep in mind the distinction between the intention to do *a wrongful act or commit a trespass* and the intention to do *the* act which results in or constitutes the intrusion. One may intend to enter upon the land of another but under the reasonable misapprehension that his entry is lawful. Such a mistake does not avoid his liability for trespass. It is only the intention *to enter* the land of another that is an essential element of trespass and the absence of such an intention or such negligence as will substitute therefor will destroy liability. This distinction is clearly set forth in Harper and James, The Law of Torts, Vol. 1, Page 12, *et seq.*, Sec. 1.4.

In *Puchlopek* v. *Portsmouth Power Co.* (1926), 82 N. H. 440, 136 A. 259, there was some evidence that decedent child had slipped accidentally in such a manner that his arm had passed through a picket fence surrounding defendant's property and come in contact with a live wire inside the fence. We are in accord with that portion of the opinion which deals with the element of trespass. At page 260 of 136 A. the court said: "Such an involuntary intrusion could not be regarded as a trespass. * * * , the essential element of force, expressed in the phrase *vi et armis*, is lacking in such an entrance on another's premises. If the decedent slipped and fell towards the fence, it was a case of force *exerted by accident on him* and not of force exerted *by him*." (Emphasis ours.)

The New Hampshire court has reaffirmed the principle that an involuntary or accidental entry upon the land of another is not a trespass. *White* v. *Suncook Mills* (1940), 91 N. H. 92, 13 A. (2nd) 729; *Paine* v. *Hampton Beach Improvement Co.* (1953), 98 N. H. 359, 100 A. (2nd) 906.

In *Edgarton* v. *H. P. Welch Co.* (1947), 321 Mass. 603, 74 N. E. (2nd) 674, the plaintiff's intestate was riding on a truck driven by another. The truck left the highway and damaged power lines of defendant Power Company. Plaintiff's intestate was electrocuted. The defendant was charged with negligence. The Power Company asserted that plaintiff's intestate was a trespasser. The court held that an unintended intrusion upon land in possession of another did not constitute trespass.

In *Phillips* v. *Sun Oil Co.* (1954), 307 N. Y. 328, 121 N. E. (2nd) 249, gasoline from defendant's pumps seeped through the soil into plaintiff's well causing pollution. Plaintiff charged separate counts of nuisance, negligence and trespass. Plaintiff withdrew his charges of nuisance and negligence and at the close of his evidence the court dismissed his count in trespass for failure of proof. Sustaining the action below, the Court of Appeals held that proof of trespass had failed since the intrusion must be the result of either an intended act or of negligence.

We are satisfied upon a review of the authorities that reason and logic lend support to what appears to be the modern trend of the law as above set forth. We conclude that in the instant case issues of fact are presented upon the pleadings as to whether or not the defendant intentionally drove his truck upon the plaintiff's property. If, as the answer states, the defendant can demonstrate that he was proceeding in the exercise of due care with no intention other than to operate his vehicle upon the public highway, but was forced upon the plaintiff's land by the wrongful act of a third party, no trespass would be shown. Under these

circumstances a summary judgment on the issue of liability should not have been ordered.

The plaintiff suggests that the defendant should in any event be held responsible for conducting an extra-hazardous activity. We neither intimate nor suggest what our holding might be in a case involving what might properly be deemed to be an extra-hazardous activity. It is enough to say that the mere operation of a semi-trailer truck along a public highway does not fall into that category.

The plaintiff has not specifically charged the defendant with negligence in her complaint. The defendant, recognizing that the claimant need not specify every theory upon which relief might be granted, has specifically asserted his own due care. The defendant is entitled to know before trial whether or not he is charged with negligence and this by an appropriate pleading. As was stated in *O'Donnell* v. *Elgin, J. & E. Ry. Co.* (1949), 338 U. S. 384, 70 S. Ct. 200, 205, 206:

> "We no longer insist upon technical rules of pleading, but it will ever be difficult in a jury trial to segregate issues which counsel do not separate in their pleading, preparation or thinking We think the unfortunately prolonged course of this litigation is in no small part due to the failure to heed the admonition well stated by the Court of Appeals of the Seventh Circuit in a similar case: 'Of course, it is not proper to plead different theories in the same paragraph, but it is not necessarily fatal especially when the adversary makes no objection.' Vigor v. Chesapeake & Ohio R. Co., 1939, 101 F. 2d 865, 869. Pleadings will serve the purpose of sharpening and limiting the issues only if claims based on negligence are set forth separately from those based on violation of the appliance acts.
>
> "But no matter how the pleadings are allowed to stand, we think it is almost indispensable to an intelligible charge to the jury that a clear separa-

tion of the two kinds of actions be observed and impressed. The trial court in this case submitted the whole indiscriminately as a negligence case. This is hardly to be regarded as reversible error, for both counsel pleaded and tried the case as such and their requests were stated entirely in terms of the law of negligence. But the scrambling of the claims in this case illustrates how much evidence may be admitted, submitted and considered on negligence issues that, under our repeated holdings, would be immaterial in case of violation of the Safety Appliance Acts."

In *Wall* v. *Brim* (1943), 138 F. (2nd) 478, where the complaint was for negligence and the case was fully tried on that issue but the evidence would not support a verdict based on the negligence theory, the court remanded for amendment of the pleadings and a new trial on the issue of trespass under Rule 15(b).

In the instant case an opportunity should be afforded to the plaintiff before trial to amend the complaint by adding an additional count in negligence if the plaintiff desires to pursue this theory. Moore's Federal Practice, Vol. 2, page 1717 contains the following:

"True, the courts will go very far in finding a basis on which to sustain a pleading as against a motion to dismiss for failure to state a claim, but good practice demands that the pleader state his claim with simplicity and clarity in the first instance, rather than set out a jumble of unrelated facts and hope that the court will work out his case for him. Further, if the pleading is to give *'fair notice' of the claim,* it will normally have to be bottomed upon some theory supporting recovery.

"The courts have recognized these considerations in a line of cases supporting the proposition that the pleadings should *indicate the theory or theories on which the pleader relies.*" (Emphasis ours.)

See also Field & McKusick, Maine Civil Practice, page 151, Sec. 10.2.

If in the instant case no such amendment is offered it can readily be determined and ordered at pretrial that no issue as to negligence remains in the case.

It may be noted that upon the issue of the intention and voluntariness of the act alleged to constitute a trespass, the plaintiff who shows his own possessory right and the act of intrusion by the defendant makes out a prima facie case as to liability. The burden of going forward with evidence to show the absence of intention and voluntariness then shifts to the defendant. The burden of proof as to all the essential elements of trespass, however, rests throughout upon the plaintiff.

The entry will be

*Appeal sustained. Case remanded to the Superior Court for further proceedings in accordance with this opinion.*