**Donald SOPER**

**v.**

**ST. REGIS PAPER COMPANY.**

Supreme Judicial Court of Maine.

July 11, 1975.

---

Archer & Downing, by David R. Downing, Brewer, for plaintiff.

Mitchell, Ballou & Keith, by John W. Ballou, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

Plaintiff-appellant instituted a civil action seeking equitable relief claiming that he had been deprived of disability benefits due him under the provisions of a "compensation plan" by the defendant's refusal to comply with the terms of that plan. After service of the complaint and without filing an answer, the defendant made a motion for summary judgment, supported by the affidavit of its "Personnel Manager," which motion was granted despite the filing of an opposing counter affidavit by the appellant.

We sustain the appeal and remand the case to the Superior Court for further proceedings.

To support our reasoning we must briefly revert to the facts, which are gleaned from the complaint and affidavits.

The appellant, at age fifty-four and having at that time completed more than fifteen years of continuous service with defendant, suffered a cerebral hemorrhage resulting from an accident which arose out of and in the course of his employment.

Defendant, a self-insurer, was an assenting employer under the Workmen's Compensation Act. Appellant petitioned the Industrial Accident Commission for an award of compensation, which petition was dismissed when the parties agreed upon a lump sum settlement in the sum of Ten Thousand Dollars ($10,000.00), which was approved by the Commission and paid by the defendant.

Defendant provided a pension plan which contained a provision for disability compensation for its employees under the age of sixty-five who became totally and permanently disabled after having completed fifteen years of continuous service. Section 8.02 of this plan is in this language:

"8.02 Excepting payments made under the Federal Social Security Act and any government payments for service-connected disability, the amount of any pension or disability payments, made to and constituting income to such a former participant, for which payments the Company has contributed or shall contribute, shall be deducted from the Disability Pension payable under this Plan. The amount of any other than monthly payments, or deductable, shall be pro rated on the basis of and deducted from the monthly amounts of Disability Pension,

payable under this Plan, until the amount of said payments, thus pro rated, is exhausted."

The defendant, not denying appellant's eligibility for disability payments, contended in the motion for summary judgment that it had the legal right to set off the $10,000.00 lump sum payment against any sums due appellant under the pension plan because of Paragraph 8.02.

Responding to the motion for summary judgment, the plaintiff filed a counter affidavit. We quote Paragraph 4 of this affidavit:

"4. That in January, 1973, at the time Plaintiff, Donald Soper entered into the aforesaid 'lump sum' agreement with Defendant, St. Regis Paper Company before the Industrial Accident Commission, Plaintiff, Donald Soper, did so with the understanding that he would also be receiving regular and periodic payments under said Pension Plan; That said Industrial Accident Commission did not have any knowledge or evidence before it indicating that Defendant, St. Regis Paper Company, would attempt to 'set off' payments under said Pension Plan against payment made under said 'lump sum' agreement; That on information and belief, agents for said Defendant, St. Regis Paper Company who negotiated with said Plaintiff, Donald Soper and concluded said 'lump sum' agreement did not, at the time said 'lump sum' agreement was approved, anticipate that Defendant, St. Regis Paper Company, would attempt to exercise said 'set off.' "

A Justice of the Superior Court granted the motion for summary judgment and ordered the plaintiff's complaint dismissed. In his order the Justice stated that his ruling was "directed to the issues raised by the complaint and not to issues which may be implied particularly by Paragraph 4 of the Plaintiff's affidavit of June 3, 1974, but which are not raised by the complaint," and specifically provided that "the judgment herein does not dispose of any issues which may properly hereafter be raised by the Plaintiff against the Defendant and not raised in the complaint in this action."

A motion for summary judgment may be granted only upon a showing that "there is no genuine issue as to any material fact and that [a] party is entitled to judgment as a matter of law." Rule 56(c), M.R.C. P.; *Beckwith v. Rossi*, 157 Me. 532, 175 A.2d 732 (1961). Apparently the Justice below felt that the plaintiff's complaint, standing by itself and unaided by the plaintiff's counter affidavit, would not support a judgment for the relief requested in view of the defendant's affidavit incorporating the pertinent provisions of the pension plan.

A careful reading of the opinion of the Justice below makes it clear that he recognized from the counter affidavit the ability of the plaintiff to commence a new action which could state a cause of action but determined that the counter affidavit could not be taken into consideration in determining whether there was a genuine issue of fact on the existing state of the pleadings. We disagree.

The complaint seeks equitable relief based upon allegations (a) that defendant "unlawfully" refused to pay disability payments, and (b) that the set off of the lump sum payment received under the Workmen's Compensation Act against the right to disability compensation was "unlawful."

In *Greenlaw v. Rodick*, 158 Me. 440, 185 A.2d 895 (1962), we sustained an appeal from granting a motion for summary judgment and held that answers to interrogatories should have been taken into consideration in determining whether or not a genuine issue of fact existed since

we deemed that the original pleadings in that case were supplemented by such answers. It seems to us that the facts suggested in Paragraph 4 of the plaintiff's counter affidavit should have been considered as supplementing the allegations of "unlawfulness" in the complaint, thus injecting a genuine factual issue material to the plaintiff's right to maintain his action. This approach is entirely consistent with the basic purpose of our Civil Rules of Procedure.[1] *See Akerley v. Lammi,* 217 A.2d 396 (Me.1966).

 As a caveat, we strongly suggest that if a Justice is faced with a motion for summary judgment and it is apparent that an amendment to the complaint would be appropriate, opportunity for making such amendment should be afforded prior to ruling on the motion. There is ample precedent for allowing an obvious amendment rather than granting the motion for summary judgment. *Hayes v. Bushey,* 160 Me. 14, 196 A.2d 823 (1964); *see Westman v. Armitage,* 215 A.2d 919 (Me.1966).

On the record before us the defendant noted no objection to the contents of the plaintiff's counter affidavit. In fact, as we have previously indicated, the Justice below recognized that the issue suggested in the counter affidavit was viable, and it is entirely clear that his ruling would have been otherwise had the plaintiff's complaint been formally amended consistent with Paragraph 4 of the counter affidavit.

In our view there were controverted factual issues properly raised which make the granting of summary judgment inappropriate. *Statler Industries, Inc. v. Board of Environ. Pro.,* 333 A.2d 703 (Me.1975); *Perry v. Town of Friendship,* 237 A.2d 405 (Me.1968); *Levesque v. Fraser Paper, Ltd.,* 159 Me. 131, 189 A.2d 375 (1963).

The entry is:

Appeal sustained. The judgment of dismissal by the Court below is vacated and the case is remanded to the Superior Court for further proceedings.

All Justices concurring.

---

[1]. "[The Civil Rules of Procedure] shall be construed to secure the just, speedy and inexpensive determination of every action." Rule 1, M.R.C.P.

"All pleadings shall be so construed as to do substantial justice." Rule 8(f) M.R.C.P.