Glenn A. **BAXTER**

v.

**CAMP RUNOIA, INC.**

Supreme Judicial Court of Maine.

Argued May 4, 1983.

Decided June 7, 1983.

Glenn A. Baxter, pro se (orally).

Marden, Dubord, Bernier & Chandler, David E. Bernier (orally), Donald H. Marden, Waterville, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

PER CURIAM.

Plaintiff appeals from an order of the Superior Court (Kennebec County) granting defendant's motion for summary judgment. We conclude that the court should have afforded plaintiff an opportunity to amend his complaint, rather than granting defend-

ant's motion for summary judgment and we sustain the appeal.

Plaintiff, *pro se,* filed a complaint dated May 25, 1982, alleging that on or about May 24, 1982, defendant lined a portion of Long Point Road in Belgrade Lakes with cord wood which "will make it impossible for Plaintiff to continue snow plowing Long Point Road, there being no place for plowed snow to go." Plaintiff claimed a right of way on the road by prescription and necessity, and prayed for the immediate removal of the wood, and $5,000 for "lost time from work, actual damages, punitive damages, mental aggravation to Plaintiff and especially Plaintiff's family, and all court costs involved in this litigation." Defendant answered the complaint and moved the court to dismiss the complaint for failure to state a claim upon which relief could be granted. The motion was supported by an affidavit which stated that the wood stacked next to the road "will not, can not and does not interfere with the plowing of snow, the placement of plowed snow or the ability of any party to maintain the summer and winter maintenance of the right of way." The affidavit further stated that the wood in question had been removed. In response, plaintiff filed a document entitled "counter motion to motion to dismiss" which repeated the prayer in the complaint for an order requiring the removal of the cord wood and requested in addition that the court "temporarily restrain Plaintiff from replacing said cord wood until a permanent order can be obtained by the Plaintiff." The motion to dismiss was denied, and the defendant, thereafter, filed a motion for summary judgment supported by an affidavit which repeated the statement that the wood had been removed and was no longer stacked in the vicinity of the road. Plaintiff filed no counter affidavit and the court therefore concluded that "there are no factual issues in dispute, the wood in question has been removed" and granted summary judgment in favor of the defendant.

On appeal, plaintiff argues that his rights to a jury trial "under the Seventh Amend-

**1374**

ment to the Constitution of the United States were violated." Although not clearly developed, his argument must be construed as focusing upon the court's failure to address the issue of damages and the need for injunctive relief to prevent a recurrence of the alleged obstruction of the roadway.

The order of the Superior Court granting summary judgment clearly reflects that the court construed the complaint to effectively plead only for the removal of the wood. If the content of plaintiff's "counter motion" is considered as an aid in interpreting the homespun complaint, it becomes obvious that an amendment of the complaint was required so as to include, at the very least, a request for permanent injunctive relief.[1] We have previously suggested that in such circumstances the court should afford an opportunity for amendment prior to ruling on the motion for summary judgment:

> As a caveat, we strongly suggest that if a Justice is faced with a motion for summary judgment and it is apparent that an amendment to the complaint would be appropriate, opportunity for making such amendment should be afforded prior to ruling on the motion. There is ample precedent for allowing an obvious amendment rather than granting the motion for summary judgment. *Hayes v. Bushey*, 160 Me. 14, 196 A.2d 823 (1964); *see Westman v. Armitage*, 215 A.2d 919 (Me. 1966).

*Soper v. St. Regis Paper Co.*, 341 A.2d 8, 11 (Me.1975).

In our view the Superior Court erred in failing to afford an opportunity for amendment of the complaint, the substance of which was obvious and apparent, and which if allowed would have created issues of material fact.

The entry must be:

Judgment vacated.

Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

1. We do not decide whether the request for damages set forth in the prayer of the complaint, unsupported by any allegation in the body of the complaint, would alone require the court to afford an opportunity for amendment. Since we vacate the judgment in this case, the plaintiff will have an opportunity to seek further amendment and the court will have occasion to consider the appropriateness of such a request, if it is made.