Gary E. **PELLETIER**, et al.

v.

**MELLON BANK, N.A., Special Administrator of the Estate of Karl N. Mellon.**

Supreme Judicial Court of Maine.

Argued Nov. 8, 1984.

Decided Jan. 3, 1985.

Ferris, Dearborn & Willey, Joel A. Dearborn (orally), Brewer, for plaintiffs.

Richard A. Petersen, Bangor, for Yvonne Mellon.

Rudman & Winchell, Dawn M. Pelletier (orally), David C. King, Bangor, for Mellon Bank, N.A.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

VIOLETTE, Justice.

The plaintiffs appeal from an order of the Superior Court, Hancock County, granting summary judgment in favor of the defendant, Karl Mellon.[1] We conclude that the trial court properly ordered summary judgment in the circumstances of this case and deny the appeal.

■ On June 29, 1977 Gary Pelletier sustained serious injuries in an automobile accident which occurred while he was a passenger in a Ford van operated by Yvonne Mellon. As a result of these injuries, both Gary's parents, Bruce and Sheila Pelletier, and the Department of Human Services have expended certain amounts of money to provide necessary medical care for Gary and will continue to do so for the foreseeable future. Gary, his parents and the Department filed suit against Yvonne and her husband Karl Mellon.[2] The plaintiffs' amended complaint asserted that Karl Mellon was liable to them because he owned the Ford van and consented to Yvonne's use of it on the date of the accident despite the fact that he knew: (1) that Yvonne used drugs and alcohol to an excess and, as

a result, was an unfit driver; and (2) that the van had defective tires.[3]

Karl Mellon filed a motion for summary judgment on the claims asserted against him. In support of this motion, Karl submitted affidavits, along with documents and exhibits identified and referred to in those affidavits, swearing to the following facts: (1) before the date of the accident, Karl separated from Yvonne and moved to New York; (2) about four months before the accident, Karl transferred ownership of the van to Yvonne; and (3) on the date of the accident, both the registration and the title to the van were in Yvonne's name alone. The plaintiffs did not file any opposing affidavits, nor did they seek to further amend their complaint. After a hearing, the presiding justice granted Karl Mellon's motion for summary judgment.

■ A party seeking summary judgment must satisfy the court that there is no genuine issue as to any material fact. M.R.Civ.P. 56(c); see 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 (2d ed. 1970 & Supp.1981). He may carry this burden by submitting sworn affidavits as well as documents and exhibits identified and referred to in such affidavits.[4] *See* M.R.Civ.P. 56(c); *Farrell v. Theriault*, 464 A.2d 188, 194 (Me.1983). In contesting the matters sworn to in such affidavits, an adverse party may not rely on the mere allegations of his pleadings. M.R.Civ.P. 56(e); *see Farrell*, 464 A.2d at 193–94. If

1. The original defendants in this case were Karl N. and Yvonne J. Mellon. By stipulation a judgment for $500,000 was entered in favor of the plaintiffs against Yvonne Mellon. This appeal concerns only the claims asserted against Karl Mellon. After the entry of summary judgment in favor of Karl Mellon in the Superior Court, his death was suggested upon the record and the special administrator of his estate was substituted as a party defendant. M.R.Civ.P. 25(a)(1).

2. At the time of the accident the defendants were married but separated. They were divorced on October 5, 1977.

3. In fact, the complaint also alleged another basis for Karl Mellon's liability, namely, the

family purpose doctrine. Because the family purpose doctrine is not recognized in Maine, the trial court was indisputably correct in granting summary judgment in favor of Karl Mellon on that point. *See, e.g., Robinson v. Warren,* 129 Me. 172, 151 A. 10 (1930); *Pratt v. Cloutier,* 119 Me. 203, 110 A. 353 (1920). Accordingly, we do not discuss this theory outside of this footnote. References to the plaintiffs' amended complaint elsewhere in this opinion concern only the other theories asserted by the plaintiffs against Karl Mellon.

4. In addition to affidavits, the trial court may consider "pleadings, depositions, answers to interrogatories, and admissions on file" to determine whether there remains a genuine issue of material fact. M.R.Civ.P. 56(c).

no genuine issue of material fact remains, the trial court must render judgment if any party is entitled to such judgment as a matter of law. M.R.Civ.P. 56(c); 2 Field, McKusick & Wroth, *Maine Civil Practice* §§ 56.1, 56.9 (2d ed. 1970 & Supp.1981). "Ordinarily a court will be very reluctant to permit a party against whom summary judgment has been granted to amend to assert a different theory, particularly if no valid reason is shown for his failure to present the new theory prior to action on the summary judgment motion." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 at 35 (2d ed. 1970).

In light of the affidavits and documents submitted by Karl Mellon, which were uncontested, it is clear that any theory that asserts that Karl Mellon is liable because he entrusted the van to Yvonne Mellon must fail. Those affidavits and documents established that at the time of the accident Yvonne Mellon was the sole owner of the van and Karl Mellon had absolutely no right to control her use of that vehicle. The plaintiffs nevertheless contend that the summary judgment entered by the trial court was inappropriate. They argue that actual ownership of the van is irrelevant to the issue of Karl Mellon's liability. The plaintiffs now assert that Karl Mellon can be liable to them based upon his *transfer* of the vehicle to Yvonne because: (1) he knew Yvonne, due to her excessive use of drugs and alcohol, was an unfit driver; and (2) he knew the van had defective tires.

The plaintiffs conclude that genuine issues of material fact remain concerning these theories of liability, requiring reversal of the summary judgment entered below.

■ We find that the plaintiffs' contentions are without merit. The theories asserted in the plaintiffs' amended complaint depend upon the allegations that Karl Mellon had a right to control the van and that he entrusted it to Yvonne on the occasion when the accident occurred. As to those theories, it is clear that no genuine issue of material fact exists and Karl Mellon is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56(c). If the plaintiffs had any other viable theories to present against Karl Mellon it was incumbent upon them to further amend their complaint accordingly before the presiding justice ruled on the summary judgment motion. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 at 35 (2d ed. 1970). Only in their brief to this Court do the plaintiffs state their new theories based upon the *transfer* of the vehicle by Karl Mellon to Yvonne Mellon.[5] A brief to this Court, however, is not part of the pleadings. *See Efstathiou v. Payeur*, 456 A.2d 891, 892 n. 2 (Me.1983); *Lund ex rel. Wilbur v. Pratt*, 308 A.2d 554, 557 (Me.1973). The plaintiffs do not suggest any valid reason for their failure to seek leave to amend before the entry of judgment, nor is any such reason apparent on the facts before us.[6] *See* 2 Field, McKu-

---

**5.** Because these theories were not included in the plaintiffs' amended complaint, we in no way reach the question of whether Maine law would ever impose liability upon a transferor of a motor vehicle for harm caused by the operation of an incompetent transferee. Although Maine law recognizes liability based upon the negligent entrustment of an automobile, *see Sweet v. Austin*, 158 Me. 90, 179 A.2d 302 (1962), this Court has not considered a case where the relationship goes beyond entrustment and involves an actual transfer of title. *Compare Kahlenberg v. Goldstein*, 290 Md. 477, 431 A.2d 76, 81–84 (1981) *and Pugmire Lincoln Mercury, Inc. v. Sorrells*, 142 Ga.App. 444, 446–49, 236 S.E.2d 113, 115–16 (1977) (Addendum of Deen, P.J.) (favoring transferor liability) *with Ship v. Davis*, 25 Ala.App. 104, 106–07, 141 So. 366, 367 (1932), *Estes v. Gibson*, 257 S.W.2d 604, 606 (Ky.1953)

*and Brown v. Harkleroad*, 39 Tenn.App. 657, 665, 287 S.W.2d 92, 96 (1955) (expressing doubts concerning transferor liability); *see* Restatement (Second) of Torts § 390 (1965).

**6.** At the latest, the plaintiffs knew of the facts making such an amendment necessary at the time Karl Mellon submitted the affidavits and documents in support of his summary judgment motion. They therefore had an opportunity to amend before the trial court ruled on the motion. Moreover, the trial court was in no position to recognize that the plaintiffs might further amend their pleadings so as to allege theories such as the ones they now assert on appeal. This is not a case where the trial court failed to allow "an obvious amendment rather than granting the motion for summary judgment."

sick & Wroth, *Maine Civil Practice* § 56.1 at 35 (2d ed. 1970). Accordingly, we deny the appeal.

The entry is:

Judgment affirmed.

All concurring.

*Cf. Baxter v. Camp Runoia,* 460 A.2d 1373, 1374 (Me.1983) (quoting *Soper v. St. Regis Paper Co.,* 341 A.2d 8, 11 (Me.1975)).