STATE OF MAINE
WALDO, SS.

SUPERIOR COURT
Docket No. RE-99-16

JLH - WAL - 12/19/2000

George R. Doak et al.,
   Plaintiffs  )

     v.    )

Forest A. Maguire et al.,
    Defendants )

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

STATE OF MAINE
Waldo County Superior Court

DEC 19 2000

REC'D AND FILED
Joyce M. Page, Clerk

Pending before the court is the defendants' motion for summary judgment on all counts of the complaint.

"A summary judgment is proper when the party that bears the burden of proof on an essential element at trial has presented evidence that, if she presented no more, would entitle the opposing party to a judgment as a matter of law." June Roberts Agency, Inc. v. Venture Properties, Inc., 676 A.2d 46, 48 (Me. 1996). "[T]o avoid a judgment as a matter of law at a trial, a plaintiff must establish a prima facie case for each element of his cause of action." Barnes v. Zappia, 658 A.2d 1086, 1089 (Me. 1995).

In opposing the defendants' motion for a summary judgment, the plaintiffs filed a separate statement of material fact. However, that statement fails to satisfy the requirements of M.R.Civ.P 7(d) because it does not set out a statement of any material facts and because it does not include any references to the record on this motion. Because the plaintiffs

1

have not properly controverted the material facts set out in the defendant's rule 7(d) statement, the facts set out in the defendants' statement are deemed admitted. <u>See</u> M.R.Civ.P. 7(d)(2); <u>Prescott v. State Tax Assessor</u>, 1998 ME 250, ¶ 6, 721 A.2d 169, 172. Further, "[i]n determining whether to grant or deny a motion for a summary judgment, the trial court 'is to consider only the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.'" <u>Corey v. Norman, Hanson & DeTroy</u>, 1999 ME 196, ¶ 8, 742 A.2d 933, 938 (citations omitted). Thus, the court disregards those portions of the record cited by the plaintiffs in their memorandum to the extent that such portions are not included in the defendants' statement of material fact.

<u>Count 1</u>. In count 1, the plaintiffs claim that the defendants committed common law trespass. A common law trespass is an intentional, unprivileged entry onto the land of another, <u>see</u> RESTATEMENT (SECOND) OF TORTS § 158 (1965), whether or not harm results, <u>see id.</u> at § 163. Thus, this claim does not require proof that the actor knew of the trespassory nature of his entry. <u>See U.S. Fidelity and Guaranty Co. v. Goodwin</u>, 950 F,Supp. 24 (D.Me.) (applying Maine law); <u>Hayes v. Bushey</u>, 160 Me. 14, 17 (1964). Rather, the entry itself must be intentional. Thus, the defendants are not entitled to summary judgment based on their argument that the they entered under a claim of right.

As part of count 1, the plaintiffs allege that they suffered emotional distress as a result of the alleged trespass. In the absence of physical injury, emotional distress is not a proper basis for compensatory damages in a claim for violation of a property interest. <u>See Wyman v. Leavitt</u>, 71 Me. 227, 230 (1880). The record on summary judgment does not suggest

2

that any of the plaintiffs suffered physical injury. Further, as is discussed below in connection with counts 3 and 4 of the complaint, the record on summary judgment does not suggest that any of the plaintiffs suffered any emotional distress. Consequently, they may not seek recovery for emotional distress as an element of damages in a trespass claim.

The record on summary judgment contains no suggestion that defendant Ola C. Maguire engaged in any conduct that would render her liable on count 1. She is thus entitled to judgment on this claim.

Count 2. In count 2, the plaintiffs seek recovery for injury to land under 14 M.R.S.A. § 7552.[1] The record on summary judgment raises a genuine issue of fact regarding a violation of section 7552(A), because the record indicates that defendant Forest Maguire entered the disputed section of land and marked a number of trees. As a factual matter, this may constitute damage to a forest product and is thus actionable under section 7552(2)(A). However, the record on summary judgment does not create the basis for the plaintiff to argue that the defendants' alleged violation was either intentional or knowing, which must be established as a basis for treble damages under section 7552(4)(B). Rather, at best for the plaintiffs, the record shows that defendant Forest A. Maguire marked trees that were located where he believed the boundary to be. Thus, the record supports a factual argument that the alleged violation of section 7552(2)(A) was either negligent or without fault, which would entitle the plaintiffs to double damages or $250, whichever is greater. See 14 M.R.S.A. § 7552(4)(A).

---

[1]Although their complaint identifies 14 M.R.S.A. § 7551-B as the basis for count 2, they acknowledge in their memorandum opposing the pending motion that count 2 is grounded exclusively on section 7552.

3

As with count 1, the record on summary judgment does not reveal any basis for the plaintiffs to argue that defendant Ola C. Maguire is liable to them on count 2.

Counts 3 and 4. In the two final claims, the plaintiffs seek recovery for negligent infliction of emotional distress (NIED) and for intentional infliction of emotional distress (IIED). Although in their motion the defendants initially did not raise the nature of any emotional distress claimed by the plaintiffs, the plaintiffs themselves specifically addressed the sufficiency of the record on this part of counts 3 and 4, and the defendants then addressed this issue in their reply memorandum. Thus, because the parties have examined and briefed this issue, the court treats it as one that is proper for consideration here. See Corey, 1996 ME 196, ¶ 11, 742 A.2d at 939 (trial court's ruling on motion for summary judgment should be limited to the issues that the parties raise in their filings on that motion).

In a NIED claim, a plaintiff must prove, among other things, that "serious emotional distress" resulted from the defendant's conduct. See Town of Stonington v. Galilean Gospel Temple, 1999 ME 2, ¶ 11, 722 A.2d 1269, 1272. "Serious emotional distress exists 'where a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event.'" Id. (citation omitted). In an IIED claim, a plaintiff must establish, among other things, the that the emotional distress "was 'severe' so that 'no reasonable man could be expected to endure it.'" Colford v. Chubb Life Ins. Co., 687 A.2d 609, 616 (Me. 1996) (citation omitted).

Here, although the parties have addressed the question of whether

the plaintiffs suffered emotional distress of a magnitude sufficient to sustain a NIED or IIED claim, the record of summary judgment does not suggest that any of the plaintiffs have suffered any emotional distress at all -- much less emotional distress sufficient to permit recovery under either tort claim.   If the trial record were equivalent to the present record on summary judgment, the defendants would be entitled to judgment on counts 3 and 4 as a matter of law under M.R.Civ.P. 50.   The defendants thus are entitled to summary judgment on those claims here.

The entry shall be:

For the reasons set out in the order dated December 15, 2000, the defendants' motion for summary judgment is granted in part and denied in part.

As to defendant Ola C. Maguire, summary judgment is entered in her favor on all counts of the complaint.

As to defendant Forrest A. Maguire, on count 1, the plaintiffs' claim for "mental torment" is dismissed; otherwise, the motion on count 1 is denied.   On count 2, to the extent that this claim seeks treble damages pursuant to 14 M.R.S.A. § 7552(4)(B), judgment is granted to defendant Forrest A. Maguire; otherwise, the motion on count 2 is denied.   On counts 3 and 4, the motion is granted, and summary judgment is entered in favor of defendant Forrest A. Maguire.

Dated:   December 15, 2000

_____
JUSTICE, SUPERIOR COURT

5