STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
PORTLAND
Docket No. CV-14-170

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY              )
                               )
            Plaintiff          )
v.                             )     ORDER ON CHRISTINE POMPEO'S
                               )     MOTION FOR RELIEF
                               )     FROM JUDGMENT
DENIS OCHAN and                )
CHRISTINE POMPEO               )
                               )
            Defendants         )

By Complaint filed April 7, 2014, State Farm Mutual Automobile Insurance Company ["State Farm"] brought a subrogation action against Defendants to recover benefits paid to its insured as a result of an August 2011 car accident. Denis Ochan was driving a vehicle owned by his mother, Christine Pompeo, at the time of the accident. State Farm's Complaint asserts a negligence claim against Denis, and asserts a claim against Christine based on a theory of negligent entrustment. *See* Complaint at ¶¶ 33 ("Defendant Pompeo knew or should have known Defendant Ochan was an excluded driver under the AAA Policy excluded driver endorsement"); 34 ("Defendant Pompeo knew or should have known that permitting Defendant Ochan to use the Volkswagen in light of said excluded driver endorsement created a risk of harm to others") & 35 ("Defendant Pompeo is therefore liable ... by virtue of her negligent entrustment of the Volkswagen to Defendant Ochan").

On April 18, 2014, State Farm requested entry of a default judgment against Christine, while at the same time dismissing its claim against Denis pursuant to M.R. Civ. P. 41(a)(1)(ii). By Order dated April 22, 2014, State Farm obtained a default judgment against Christine in the amount of $100,945.71 plus interest and costs.

Pending before the court is Christine's motion for relief from that default judgment. Christine's motion is brought pursuant to M.R. Civ. P. 60(b)(1), which provides that a court may relieve a party from a final judgment, order or proceeding by reason of mistake, inadvertence, surprise, or excusable neglect.[1] Rule 60(b) is the appropriate vehicle for seeking relief in this matter even though Defendant's challenge is to a default judgment. *See* M.R. Civ. P. 55(c) ("Setting Aside Default") ("For good cause shown the court may set aside an entry of default

---

[1] State Farm contends that Christine's motion is more properly characterized as one brought pursuant to M.R. Civ. P. 60(b)(4), on the ground that Christine's assertions regarding service in this matter amounts to a challenge to the court's personal jurisdiction over her, rendering the default judgment void. Christine's claim, however, is not that the service was improper under M.R. Civ. P. 4, but rather that the mode of service utilized failed to result in actual notice, thereby giving rise to a claim of excusable neglect under M.R. Civ. P. 60(b)(1).

and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)").

The Law Court has repeatedly noted that "[e]xcusable neglect will be found only when there are extraordinary circumstances that work an injustice." *See, e.g., Goodall and Federle, LLC v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123, 1127. "To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show 1) a reasonable excuse for her inattention to court proceedings, and 2) a meritorious defense to the underlying action." *Ezell v. Lawless*, 2008 ME 138, ¶¶ 21-22, 955 A.2d 202, 207 (upholding finding that *pro se* litigant's failure to notify court of changes in her mailing address, among other failures, did not amount to excusable neglect).

Applying that standard here, the court finds that both elements are satisfied. Christine attests that she did not know of State Farm's suit against her until after her driving license was suspended and she sought the aid of Pine Tree Legal Assistance. *See* Affidavit of Christine A. Pompeo at ¶ 14. Her son likewise attests: "I did not provide my mother with a copy of the Summons or Complaint ... . Nor did I ever tell my mother that a sheriff came to her home and left a summons and complaint." *See* Affidavit of Denis Ochan at ¶ 10. Simply put, Christine failed to defend herself against State Farm's allegations because she did not have any actual notice of the complaint against her.

Review of those allegations reveals the existence of a meritorious defense. Maine does not recognize the family purpose doctrine, which imposes liability in certain circumstances on a vehicle owner for negligent operation by members of the owner's family. *See* Simmons et al., Maine Tort Law, §16.06 (2004 ed.) (citing *Pelletier v. Mellon Bank, N.A.* , 485 A.2d 1002, 1003 n. 3 (Me. 1985)). Nor does 29-A M.R.S.A. § 1651 apply, since Denis was not a minor on the date of the accident. While Maine does recognize a cause of action for negligent entrustment, *see Pelletier, supra*, at n. 5 (citing *Sweet v. Austin*, 179 A.2d 302 (Me. 1962)), in so doing the Law Court has cited the Restatement (Second) of Torts § 390.[2] *See Sweet*, 179 A.2d at 305. Negligent entrustment as defined by the Restatement is directed to allegations that the vehicle owner knew or should have known of a risk of physical harm. Here, on the other hand, State Farm's claim against Christine is predicated on her having entrusted the car to Denis even though she knew or should have known that he was excluded under her auto insurance policy. State Farm's allegations thus appear distinguishable from the situation contemplated by Section 390. Moreover, assuming that the allegations fall within the scope of Section 390, it is undisputed that Christine has limited understanding of English, affording her a meritorious defense to State Farm's allegations that Christine "knew or should have known" that Denis was excluded under her AAA policy.

---

[2] Section 390 provides: "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." Restatement (Second) of Torts, § 390.

2

Accordingly, the court finds that this case presents "extraordinary circumstances that work an injustice" such that Rule 60(b)(1) relief is warranted. It is therefore ORDERED that Christine Pompeo's Motion for Relief from Judgment is hereby GRANTED, and the Default Judgment in favor of State Farm and against Christine Pompeo is hereby VACATED pursuant to M.R. Civ. P. 60(b)(1).

The clerk may incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 3|2|15

Keith A. Powers
Maine District Court Judge

STATE OF MAINE
Cumberland ss Clerk's Office

MAR 0 3 2015

RECEIVED

3

OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

STANLEY GREENBERG, ESQ.
95 EXCHANGE STREET, SUITE 100
PORTLAND, ME 04101

- Plaintiff

< OF COURTS
berland County
y Street, Ground Floor
and, ME 04101

Ryan F. Kelley, Esq.
Pierce Atwood, LLP
254 Commercial Street
Portland, ME 04101 - Defendant
Christine Pompeo